**PACIFIC VEGETABLE OIL CORPORATION v. RUTGER BLEECKER & CO., Inc.**

District Court, S. D. New York.
Dec. 29, 1942.

236

Gustave Simons, of New York City, for plaintiff.

Goodman & Blumberg, of Amityville, N. Y., for defendant.

HULBERT, District Judge.

Plaintiff's motion for an order directing that a commission issue for the examination of Bernard T. Rocca of San Francisco, California, president of the plaintiff corporation, as a witness on behalf of the plaintiff, upon written interrogatories to be annexed to said commission, is opposed by the defendant upon two grounds:

(a) That the application is based on an affidavit of the plaintiff's attorney; and (b) that it does not satisfactorily appear that the witness will be unable to attend the trial, which it is expected will be reached early in the approaching new year.

Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "By leave of court * * * or without such leave after an answer has been served, *the testimony of any person,* whether a party or not, *may be taken at the instance of any party* by deposition *upon* oral examination or *written interrogatories* for the purpose of discovery or *for use as evidence in the action* or for both purposes." (Italics mine)

The right of the plaintiff to take Mr. Rocca's deposition is clear. That the application is made upon the affidavit of the plaintiff's attorney is of no consequence.

Subdivision (d) (Par. 3) of the same rule specifies the limitations under which the deposition of a witness may be used on the trial. It will be for the trial judge to determine at the proper time, after the return of the deposition, whether this deposition may be read if the witness is not present.

Motion granted. Settle order on notice.