## ODELL v. MILLER et al.

### No. 1321.

United States District Court
W. D. Michigan, S. D.

July 28, 1950.

Joseph T. Pawlowski, South Bend, Ind., for plaintiff.

Earl Waring Dunn, Grand Rapids, Mich., for defendants.

STARR, District Judge.

Plaintiff sues to recover a balance of $9,000 and interest which he claims defendants owe him on their promissory note for $11,000 dated June 15, 1945. Defendants answer, denying liability on the ground that the balance of $9,000 due on said note was included in the principal amount of a promissory note for $15,000, which they subsequently gave plaintiff on April 17, 1947, and that this $15,000 note was included in a judgment for $50,000 which plaintiff obtained against them on February 21, 1949, in a former suit in this court, being Civil Action No. 1148.

The case was tried before the court without a jury. At the conclusion of plaintiff's proofs defendants presented the deposition of defendant Gorden J. Miller taken, in pursuance of notice, at South Bend, Indiana, on June 12, 1950, two days before the trial. Plaintiff had objected to the taking of this deposition on the ground

that there was no showing, as required by Rule 26 (d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., of exceptional circumstances which would entitle defendants to use the deposition in the trial of the case. However, counsel for the respective parties had proceeded with the taking of the deposition, and certain exhibits were presented in evidence. In their application to the court for permission to use the deposition at the trial, defendants alleged that it was necessary to take Miller's deposition in Indiana, for the reason that if he returned to Michigan, he would be arrested under a warrant or attachment issued against him in a State-court suit. They contended that such apprehension of arrest constituted exceptional circumstances justifying the taking of the deposition in Indiana and its use at the trial. The plaintiff filed a motion to suppress the Miller deposition on the ground that Miller had left his residence in the State of Michigan and had voluntarily placed himself at a greater distance than 100 miles from the place of trial. After consideration of all the facts and circumstances presented relative to the defendant's absenting himself from this judicial district and the taking of his deposition in Indiana, the court concludes that such exceptional circumstances were shown as to make it desirable, in the interest of justice, to allow the deposition to be used in the trial. See Rule 26 (d) (3), Federal Rules of Civil Procedure. Therefore, defendants' application for permission to use the deposition in the trial is granted, and plaintiff's motion to suppress the deposition is denied.

This case presents only a question of fact as to whether the balance of $9,000 due on defendants' note of June 15, 1945, to plaintiff, was included in the principal amount of their later note of April 17, 1947, to plaintiff for $15,000, which note for $15,000 was included in the judgment for $50,000 which the plaintiff obtained against the defendants February 21, 1949, in prior Civil Action No. 1148.[1]

It is admitted that on June 15, 1945, the defendants executed their promissory note, payable to the plaintiff on or before September 15th of that year, in the amount of $11,000 with interest at two per cent, and that the defendants paid $2,000 thereon, leaving a balance of $9,000 due the plaintiff. If said balance of $9,000 was included in the defendants' later note to plaintiff for $15,000, then the plaintiff is not entitled to recover such balance in the present suit.

The only witnesses were the plaintiff and defendant Gorden J. Miller, and their testimony is in sharp conflict on the point as to whether or not the balance of $9,000 due on defendants' note of June 15, 1945, was included in their later note of April 17, 1947, to the plaintiff for $15,000. Plaintiff testified that this balance was not included in defendants' later note for $15,000 and that they are indebted to him for such balance and interest. On the other hand, defendant Gorden J. Miller says this balance was included in defendants' April 17, 1947, note for $15,000.

It appears that in pursuance of written agreements between these parties dated January 2, and January 31, 1947, the plaintiff had loaned and advanced to defendants more than $74,000 to finance the construction of a midget auto racing stadium in Keeler township, Van Buren county, Michigan, and that the defendants executed a series of promissory notes to plaintiff for such loans. In accordance with a written stipulation and agreement of settlement between the parties, these stadium-construction notes were included in the judgment for $50,000 which the plaintiff obtained against the defendants in the former suit, Civil Action No. 1148. Plaintiff testified in substance that defendants' $15,000 note dated April 17, 1947, was one of the series of notes which they gave him for cash loans in connection with the construction of the stadium. It is significant that the defendants gave plaintiff a written receipt dated April 17, 1947, for $15,000 (the same date as their note for $15,000), which receipt stated in part:

---

1. No opinion for publication.

530

"To apply on Rendezvous Midget Racing Stadium or Bowl." Miller testified that the $11,000 note of June 15, 1945, was given to the plaintiff for a loan of money to purchase meat, beer, and supplies for a tavern which he conducted. This testimony would indicate that the $11,000 had no connection whatever with the construction of the midget racing stadium and, therefore, was not included in the series of notes defendants gave plaintiff in connection with the financing of the stadium. Furthermore, it should be noted that defendants did not obtain a surrender of their $11,000 note at the time they executed their $15,000 note to the plaintiff, and also that defendant Lucille Miller, who signed both the $11,000 and the $15,000 notes, did not take the witness stand in support of her husband's claims and contentions. These parties dealt loosely and in a very unbusinesslike way, and their testimony, when carefully analyzed, is not too convincing. The court finds no evidence other than the testimony of defendant Gorden J. Miller substantiating the defendants' contention that the balance of $9,000 admittedly due on their June 15, 1945, note was included in their April 17, 1947, note to plaintiff for $15,000. In view of the conflicting testimony, the court is inclined to rely upon their writings as evidenced by defendants' $11,000 note still in plaintiff's possession; defendants' receipt to plaintiff dated April 17, 1947, for $15,000; defendants' note to plaintiff dated April 17, 1947, for $15,000; the January 2, and January 31, 1947, agreements between the parties; and upon other exhibits presented in evidence.

After consideration of the testimony and the exhibits in this suit, the agreements between the parties, and the stipulation and judgment entered in the former suit, Civil Action No. 1148, the court makes the following findings of fact and conclusions of law:

## Findings of Fact

(1) That defendants executed their promissory note dated June 15, 1945, payable to plaintiff in the amount of $11,000 with interest at two per cent; and that defendants paid the sum of $2,000 on such note, leaving a balance of $9,000 and interest due thereon.

(2) That the balance of $9,000 remaining due on defendants' above-mentioned promissory note dated June 15, 1945, was not included in the principal amount of defendants' promissory note to plaintiff for $15,000 dated April 17, 1947.

(3) That the balance of $9,000 due on defendants' above-mentioned note to plaintiff dated June 15, 1945, has not been paid, satisfied or otherwise discharged.

(4) That there is a balance of $9,000 principal and $900 interest due and owing to plaintiff on defendants' note for $11,000 dated June 15, 1945.

## Conclusions of Law

(1) That this court has jurisdiction of the parties and of the subject matter of this suit.

(2) That defendants are jointly and severally indebted to plaintiff on their promissory note of June 15, 1945, for the sum of $9,000 principal and $900 interest.

(3) That plaintiff is entitled to a joint and several judgment against defendants for the sum of $9,900.

Judgment will accordingly be entered in favor of plaintiff and against defendants for $9,900. Plaintiff may recover court costs.