HARRY WENNERHOLM, Plaintiff, *v.* GEORGE A. THIBERG et al., Defendants.

MOGENS H. PRANG, Plaintiff, *v.* HARRY WENNERHOLM et al., Defendants.

Supreme Court, Special Term, New York County, September 27, 1954.

*Daniel Rhoades* for Harry Wennerholm, plaintiff and defendant.

*Bertram H. Siegeltuch* for Mogens H. Prang, plaintiff.

*Leo H. Raines* for George A. Thiberg and another, defendants.

MATTHEW M. LEVY, J.   This is a motion by the plaintiff Wennerholm to take depositions of himself and of certain witnesses in Denmark (by written interrogatories) and for a stay of the trial in the meanwhile.

The defendants urge denial of the motion because they say they want to be confronted upon the trial by the plaintiff and his witnesses in the flesh.   The submission of " live " evidence, while generally desirable and helpful — as distinguished from recorded testimony — is not a *sine qua non* in the conduct of a civil trial.   That a party-litigant may be enabled to prosecute his cause upon the trial by the use of depositions alone is no ground for denying him the opportunity to obtain the testimony in advance of trial if the conditions prescribed by the statute are satisfied (Civ. Prac. Act, § 288).

Nor is the mere lapse of time, without more, between the commencement of the action and the application for the taking of testimony abroad a bar to the granting of the motion.   But where, as here, the action was commenced and issue was joined in May, 1950, and is now on the ready day calendar of September, 1954, for trial (after repeated requests by the plaintiff for adjournments), and where, as here, the defendants claim to be adversely affected in their business credit because of the pendency of the lawsuit against them, the absence of good faith and diligence on the plaintiff's part, and the presence of possible prejudice to the defendants of continued delay, unite to compel the denial of the plaintiff's motion.   He should not have waited to the eve of trial before moving for the depositions.   He might have proceeded to obtain this testimony months and even years ago.   No satisfactory explanation for the delay is given: the litigious steps claimed by him to have been required to secure the completed examinations of the plaintiff's adversaries are no justification for the delay of the plaintiff in proceeding to procure the testimony now desired by him.

The motion is denied in all respects except that the stay requested of me is refused without prejudice to any application that the plaintiff may make in the premises to the trial calendar judge (Rules Civ. Prac., rule 155).

Order signed.