**Dorothea RICHMOND**

v.

**Sherwood BROOKS.**

**No. 94, Docket 23556.**

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1955.
Decided Nov. 23, 1955.

Stanley J. Mayer, New York City (Linder & Mayer, New York City, on the brief), for plaintiff-appellant.

Harold R. Brophy, New York City, for defendant-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

Plaintiff, residing with her present husband in California, brought suit in the New York Supreme Court against defendant, her former husband, now divorced and a resident of New York, to collect loans she had made to him. It also appears—although the court below held it immaterial—that she conducts a business in Beverly Hills, California, in merchandising women's used garments, known as "Gowns of the Stars." Defendant removed the action to the district court below and the case went to trial to a jury some three and a half years later after the taking of various depositions of the defendant in New York and the plaintiff in California, the latter by interrogatories and cross interrogatories. At the trial plaintiff offered her deposition as her proof, but the court refused to receive it and later dismissed her action for failure of proof, refusing to grant her motion for a mistrial and for adjournment. Her appeal challenges these rulings.

In excluding the deposition the trial judge held that the defendant was entitled to require the presence of the plaintiff as a part of her case and the opportunity to cross-examine her before the jury. Certain cases cited to him as differently construing F.R. 26(d), the governing rule, he distinguished as applying only to a *defendant's* proof. See, e. g., Weiss v. Weiner, D.C.Md., 10 F.R.

D. 387; Van Sciver v. Rothensies, 3 Cir., 122 F.2d 697, 699; and cf. Pacific Vegetable Oil Corporation v. Rutger Bleecker & Co., D.C.S.D.N.Y., 3 F.R.D. 235. At an earlier trial herein, however, another judge had ruled against the defendant's contention, pointing out further that, if plaintiff chose so to proceed, she was taking a risk and the defendant had the advantage of no opportunity for the plaintiff to rebut his oral testimony. The court there had declared a mistrial of its own motion for the taking of further depositions, since it had allowed the defendant to amend his answer to add a new defense.

F.R. 26(d) is quite clear in its terms, which apply without exception equally to plaintiffs and defendants. So far as here pertinent, it reads as follows: ·

"(d) *Use of Depositions.* At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions: * * *

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * 2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; * * *."

■ As shown by F.R. 26(a) and also by F.R. 31 and 33, depositions include those "upon oral examination or written interrogatories."

In an important decision in admiralty, but in direct point here because of the reliance there upon the civil discovery rules, we have substantially settled the present issue. Hyam v. American Export Lines, 2 Cir., 213 F.2d 221. In that case libellant, a resident of Bombay, India, sued in the court below for cargo damage on a shipment carried by respondent from Philadelphia to Bombay; and the parties were at issue preliminarily as to whether libellant's deposition in Bombay should be taken by written interrogatories, as he sought, or by "open commission," with the entire cost thereof paid by him, as sought by the respondent. The district court's solution was to deny the libellant's application and to order him to appear for oral examination in New York. When he failed to comply, his action was dismissed. We reversed, suggesting the "unusually and seriously burdensome" character of the requirement made below and finding error of law on the part of the district judge in failing to exercise discretion to accord the protection invoked by libellant pursuant to F.R. 30(b) and in proceeding erroneously on the theory that the respondent had the right to have the suing party in New York for oral examination. We said, per Judge [now Mr. Justice] Harlan, 213 F.2d 221, 223: "The federal courts are open to foreign suitors as to others, and procedural rules are not to be construed in such fashion as to impose conditions on litigants which in their practical effect amount to a denial of jurisdiction."

■ Applying this principle as a touchstone, we can find no occasion to add something to the rule which is not there and which effectually distorts its purpose and utility. The tactical burden assumed by the plaintiff in proceeding to trial in her absence, to which the first judge below called attention, is likely to limit frequent resort to this course; but a suitor not able to afford a New York trip should not be denied all remedy here. There is nothing in the general law to demand such a result; indeed, the contrary has been the rule both in earlier federal law, Nash v. Williams, 20 Wall. 226, 244, 87 U.S. 226, 244, 22 L.Ed. 254; New Jersey R. & T. Co. v. Pollard, 22 Wall. 341, 89 U.S. 341, 22 L.Ed. 877; Anglo California Nat. Bank of San Francisco v. Lazard, 9 Cir., 106 F.2d 693, 706, certiorari denied 308 U.S. 624, 60 S.Ct. 379, 84 L.Ed. 521, and in the modern pro-

cedure of New York, where this action was first brought. Wennerholm v. Thiberg, 206 Misc. 755, 135 N.Y.S.2d 19.

■ The defendant relies further on the limiting provision of F.R. 26(d) (3), 2, *viz.*, "unless it appears that the absence of the witness was procured by the party offering the deposition"; and he points out that the plaintiff was in New York City with her husband during the Christmas holidays some two weeks prior to the start of the trial on January 17, 1955. The district court did not consider this issue, rejecting as immaterial plaintiff's business interests in California; and hence we have no finding as to it. But no reason is apparent to justify a requirement that plaintiff must live in New York City—of course expensively, since that is the only mode of life there—awaiting the uncertain call of a case for trial or be penalized for a normal Christmas trip. See Frederick v. Yellow Cab Co. of Philadelphia, 3 Cir., 200 F.2d 483, 486; Odell v. Miller, D.C.W.D.Mich., 10 F.R.D. 528.

It is suggested, as in 4 Moore's Federal Practice 1195–1197 (2d Ed. 1950), that the "unless" clause just quoted may present an issue of construction as to whether the "absence" in question is from the territory embraced within the 100-mile radius or is from the trial itself, and that only the former interpretation (which is favored) permits a California resident as such to use his own deposition. Perhaps too much is made of this assumed dichotomy; it is not apparent why in this carefully defined context absence from the trial should not be tested for the validity of the excuse on the same principles as absence from the territory. Be that as it may, the language used, referring to different stages of trial *or hearing*, and obviously pointing back to the defining clause which sets forth the basic reasons for admissibility, makes it quite clear that the former is meant.

In view of the conclusion we have reached, we do not find it necessary to pass upon the interesting further ground of admissibility urged by plaintiff that, since the deposition would be available to her in the state courts, it is likewise available here under F.R. 43(a), which thus would grant federal suitors the benefit not only of state evidence itself, but also of its manner of taking. Nor do we need to consider the claimed abuse of discretion upon the part of the judge in refusing to allow a further adjournment of the action. The dismissal must be reversed and the action remanded for further proceedings in accordance with this opinion.

Reversed and remanded.