**NECKWEAR CORPORATION OF PUERTO RICO, Plaintiff, Appellant,**

v.

**FIRST NATIONAL CITY BANK OF NEW YORK et al., Defendants, Appellees.**

**No. 5527.**

United States Court of Appeals First Circuit.

Heard Feb. 1, 1960.

Decided Feb. 23, 1960.

Gabriel de la Haba, San Juan, P. R., for appellant.

Carlos G. Latimer, Asst. Sol. Gen., Santurce, P. R., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

Joshua Hellinger, San Juan, P. R., for appellant.

Wallace Gonzalez, San Juan, P. R., with whom H. S. McConnell, McConnell,

Valdes & Kelley, Rafael Rodriguez Lebron, and Beverley, Castro & Rodriguez Lebron, San Juan, P. R., were on joint brief, for First Nat. City Bank of New York and Texaco (Puerto Rico), Inc., appellees.

Lugo Hermanos, Inc., and Ubaldo Lugo Ramirez, appellees, submitted upon the joint brief of First National City Bank of New York and Texaco (Puerto Rico), Inc., by leave of Court.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

## PER CURIAM.

In this action for the conversion of the proceeds of a number of checks, plaintiff sought at the trial to introduce in evidence, as its whole case, the deposition upon written interrogatories and cross interrogatories of its president and principal officer. The district court ruled that the deposition was inadmissible and dismissed the action for failure "to establish facts sufficient to warrant the relief sought in the complaint * * *." Plaintiff appeals.

Appellees admitted at the argument before this court, entirely correctly, that if the district court had found that plaintiff's witness was in fact in New York at the time of trial, the deposition was admissible under Rule 26(d) (3), subdivision 2, Fed.Rules Civ.Proc., 28 U.S.C. See Richmond v. Brooks, 2 Cir., 1955, 227 F.2d 490. Their claim is, however, that plaintiff failed to establish this fact at the trial and that the court made no such finding, as required by the rule. Although it is true that plaintiff failed to state clearly to the court the particular portion of Rule 26(d) (3) upon which it was relying (and in fact seemed at one point to be relying on subdivision 5), much of the confusion was generated by various totally irrelevant objections raised at length by appellees. Plaintiff's counsel offered to testify that the witness was in New York, and at no point did the appellees object to the admissibility of the deposition on the ground that that fact had not been established. On the contrary, their position was that the witness ought not to be there. The court apparently agreed, stating to plaintiff's counsel: "That isn't sufficient, for you to testify he is in New York City, and I believe it is too late now." Now that appellees appreciate that the deposition was admissible as a matter of law if the witness was in New York, and that none of the objections they raised below was sound, it is too late to argue in this court that the actual testimony, as distinguished from the offer of proof, was somewhat incomplete. That deficiency could have been cured in one sentence, had appellees mentioned it. Although we do not at all believe that appellees were endeavoring to trap plaintiff, to sustain their present position would, under the circumstances, have the same effect.

Judgment will enter vacating the judgment of the District Court and remanding the case for further proceedings not inconsistent with this opinion.