In the Matter of the Adoption of IJW, a minor child, George W. and Ann W., Petitioners.

In the Matter of the Adoption of RFA, a minor child, Wilbur A. and Bernice A., Petitioners.

No. 3264.

Supreme Court of Alaska.

June 8, 1977.

Henry C. Remm, William B. Schendel, Frederick Torrisi and Paul J. Canarsky, Fairbanks, for petitioners.

## OPINION

Before BOOCHEVER, C. J., RABINOW-ITZ, CONNOR and BURKE, JJ., and DI-MOND, J. Pro Tem.

RABINOWITZ, Justice.

Two couples, the W's and the A's, each seeking to adopt a minor child, have sought review of similar superior court orders denying their motions to proceed by deposition, pursuant to Alaska Civil Rule 32(a)(3)(B),[1] in their respective adoption proceedings. Because of the importance of the rights involved, we have granted review of the superior court's orders. For reasons which will be discussed subsequently, we reverse the superior court's orders denying petitioners' motions to proceed by deposition.

On January 3, 1977, the W's filed a petition for adoption in the superior court in Fairbanks. These indigent petitioners reside in Red Devil, Alaska, a community located approximately 150 air miles eastward from Bethel, Alaska, as well as being located approximately 375 air miles southwest from Fairbanks. Because of the distances and costs involved in traveling to superior court locations in either Fairbanks or Bethel, the W's sought leave to proceed by deposition on written questions. The superior court subsequently entered an order denying the W's motion.[2]

The A's filed their petition for adoption on January 6, 1977, in the superior court in Fairbanks. Like the W's, the A's are indigents and sought leave to proceed by deposition on written questions. The A's live in Nuigsut, Alaska, a community located approximately 150 air miles eastward from Barrow, Alaska, and approximately 400 air miles northward from Fairbanks. The superior court also denied the A's motion.[3]

The issue presented in this petition is whether the superior court properly denied the motions, made pursuant to Civil Rule 32(a)(3)(B), where there had been a showing that the would-be deponents resided more than 100 miles from the place of trial or hearing and there had been no showing that the parties, because of their respective residences, manifested an intent to avoid personal appearance before the court.

1. Civil Rule 32(a)(3)(B) provides:
 (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

 (3) The deposition of a witness whether or not a party, may be used by any party for any purpose if the court finds: . . . (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition. . . .

2. The order in the W's case states that the motion was denied "for the reason that sufficient showing has not been made as to why petitioners cannot travel to Fairbanks to present their testimony to the court in support of their petition for adoption."

3. The order denying the A's motion states that it was denied "for the reason that the matter may be heard by the court in Barrow, Alaska."

This is the first occasion that this court has been called upon to interpret the provisions of Civil Rule 32(a)(3)(B).[4] Thus, we think it appropriate to review the interpretations given similar rules in other jurisdictions.

In relevant part, Civil Rule 32(a)(3)(B) provides:

> The deposition of a witness *whether or not a party, may* be used *by any party* for any purpose if the court finds that the witness is at a greater distance than 100 miles from the place of trial or hearing . . . unless it appears that *the absence of the witness* was *procured by the party* offering the deposition. (emphasis added)

It is apparent from the text of the rule that the use of a party's deposition by any party, including the deposed party, falls within the rule, so long as the remaining conditions are satisfied. However, problems of interpretation are presented by the other emphasized portions of Civil Rule 32(a)(3)(B). The use of the discretionary term "may" could imply discretion to be exercised by either the judge or the party offering the deposition. "Absence" could refer to either absence from the 100-mile radius or absence from the trial. Finally, the phrase "procured by the party offering the deposition" could be interpreted so as to preclude the party's use of his or her own deposition where "absence" is voluntary.

In interpreting whether the term "absence" in Federal Rule of Civil Procedure 32(a)(3)(B), which rule Alaska's Civil Rule 32(a)(3)(B) parallels, means absence from the 100-mile radius or absence from the trial, Professor Moore notes:

> If the former meaning is correct, a party who resides more than 100 miles from the place of trial, as is often the case when jurisdiction is based on diversi-

ty of citizenship, can hardly be said to have procured his own absence from the territory embraced within a radius of 100 miles from the place of trial. Under this view a party who resides more than 100 miles from the place of trial may use his own deposition as evidence at the trial. If 'absence' means absence from the trial, a party who resides more than 100 miles from the place of trial may not use his own deposition as evidence at the trial, unless it appears that he could not be present at the trial and that his absence is not due merely to a preference to use his deposition rather than to testify orally at the trial.[5]

Based on his interpretation of the rule, relevant decisional authority and policy rationale, Moore concludes:

> It seems that the 'unless' clause in the second condition of Rule 32(a)(3) refers only to a situation where a party instigates a witness (including the party himself) to go outside the territory embraced within a radius of 100 miles from the place of trial. Under this view a party who resides more than 100 miles from the place of trial may use his own deposition as evidence at the trial, if he wishes.[6] (footnote omitted)

Thus, with respect to the questions previously set forth, Professor Moore concludes that the discretionary term "may" refers to the party, that "absence" refers to absence from an area within a 100-mile radius of the trial, and that the "procured" language does not preclude a party's use of his or her own deposition, unless the party has intentionally sought a location outside the 100-mile radius in order to benefit from this rule.

One of the leading cases on the interpretation of Fed.R.Civ.P. 32(a)(3)(B) was au-

---

**4.** In *Otis Elevator Co. v. McLaney*, 406 P.2d 7, 11 (Alaska 1965), the trial court had allowed admission of a deposition under Civil Rule 26(d)(3)[d] and [b], now Civil Rule 32(a)(3)(B) and (D). With respect to the admission on Rule 26(d)(3)[b] grounds, we stated:

> We agree with appellant that the record does not show that the witness McDowell

was more than 100 miles from Anchorage at the time trial was taking place.

*See also Martens v. Metzgar*, 524 P.2d 666, 675 n. 20 (Alaska 1974).

**5.** 4A J. Moore & J. Lucas, Federal Practice ¶ 32.05[1], at 32–29 (2d ed. 1975).

**6.** *Id.*

thored by a draftsman of the Federal Rules of Civil Procedure, Judge Charles E. Clark. In *Richmond v. Brooks*, 227 F.2d 490 (2d Cir. 1955), plaintiff, a resident of California, sued her former husband, a resident of New York, in New York. The trial court refused to accept her offered deposition as proof, holding that a defendant was "entitled to require the presence of the plaintiff as a part of her case and the opportunity to cross-examine her before the jury." [7] The Second Circuit reversed, stating:

> [W]e can find no occasion to add something to the rule which is not there and which effectually distorts its purpose and utility. The tactical burden assumed by the plaintiff in proceeding to trial in her absence . . . is likely to limit frequent resort to this course; but a suitor not able to afford a New York trip should not be denied all remedy here.[8]

The court was also presented with the argument that the "unless" clause of the rule should preclude the use of the deposition, particularly since the plaintiff had been in New York only two weeks prior to the start of the trial. The court rejected the argument, finding no reason to justify such a requirement. Thus, the Second Circuit adopted an interpretation of Rule 32(a)(3)(B) which allows a party to use his or her own deposition, at will, where the deponent resides outside a 100-mile radius of the place of trial or hearing.

Several courts have adopted a construction of Fed.R.Civ.P. 32(a)(3)(B) similar to that given in *Richmond v. Brooks*. The court in *Weiss v. Weiner*, 10 F.R.D. 387, 389 (D. Md. 1950), held that for a party to have "procured" his own absence, the party must either have "collusively instigated or induced a witness" to remove himself from the subpoena jurisdiction of the court or

have "unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined." In *Houser v. Snap-On Tools Corp.*, 202 F.Supp. 181, 189 (D. Md. 1962), the court differentiated between "procuring absence" and "doing nothing to facilitate presence." [9]

However, not all courts which have been faced with a situation in which a party has attempted to use his or her own deposition have accepted the deposition. In *King v. International Harvester Co.*, 212 Va. 78, 181 S.E.2d 656 (1971), the Virginia Supreme Court of Appeals interpreted its Rule 4:1(d)(3), a rule similar to both Alaska Civil Rule and Federal Civil Rule 32(a)(3)(B). The court held that a party "may not use his own deposition as evidence at the trial unless it appears that he could not be present and the court finds the existence of any one of the enumerated conditions." [10] Similarly, in *Bartell v. Bartell*, 278 Md. 12, 357 A.2d 343 (1976), the Maryland Court of Appeals held that when the party was solely responsible for his or her absence from the trial court, the offered deposition could be excluded.[11]

 We have examined the varying interpretations given similar rules in light of the special needs and problems present in the judicial system in Alaska.[12] There are many Alaskan citizens living in rural areas hundreds of miles away from the nearest state courthouse. Many of these citizens are indigent, and thus unable to pay the air fare required to bring them to the courts. To hold that these citizens could not present their testimony to the courts by way of deposition because they had "procured" their own absence from trial would, for all

---

7. 227 F.2d at 491.

8. 227 F.2d at 492.

9. *See also Stewart v. Meyers*, 353 F.2d 691 (7th Cir. 1965).

10. 181 S.E.2d at 660.

11. *See, Vevelstad v. Flynn*, 230 F.2d 695, 16 Alaska 83 (9th Cir. 1956), and *Jobse v. Connolly*, 60 Misc.2d 69, 302 N.Y.S.2d 35 (1969). *See*

*generally* Annot., 94 A.L.R.2d 1172, 1193–94 (1964), and Casenote, 69 Harv.L.Rev. 1503 (1956).

12. *See, e. g., Gregory v. State*, 550 P.2d 374, 379 n. 5 (Alaska 1976), and *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352 (Alaska 1974).

practical purposes, deny those persons access to the judicial system. We agree with Professor Moore that "absence" necessarily refers to absence from the 100-mile radius. We are similarly persuaded by the Second Circuit's reasoning in *Richmond v. Brooks* that the decision to proceed by deposition by a party otherwise qualified to utilize Civil Rule 32(a)(3)(B) should be within the sole discretion of that party. Accordingly, we adopt the interpretation given by Professor Moore, *Richmond v. Brooks* and its progeny, and hold that the "unless" clause of Rule 32(a)(3)(B) applies only where the party offering the deposition causes a witness, including the party, to go outside a 100-mile radius of the place of trial or hearing. Thus, it is the task of the trial court to make the factual determinations with respect to use of this rule, but if the court finds the conditions previously enumerated to have been satisfied, the party must be allowed to utilize the deposition. We thus conclude that the superior court's orders denying the A's and W's motions to proceed by deposition constituted error.

We note also that AS 20.15.120(a) provides:

> The presence of the petitioner and the person to be adopted is not required at the hearing on the petition unless ordered by the court.

While this provision is worded presumptively in favor of the absence of the parties, it allows for discretion on the part of the court. In situations covered by Civil Rule 32(a)(3)(B), today's decision will significantly circumscribe the statutory discretion of the court. Nevertheless, we think that the court's duty to render decisions in the best interests of the person to be adopted [13] is not impinged upon. AS 20.15.100(d) provides a procedure by which the Department of Health and Social Services or other qualified agency or person may conduct an investigation to ascertain "whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interests of the minor." [14] The adoption statute, is AS 20.15.100(j), also provides for the appointment of a guardian ad litem for a person to be adopted who is a minor. [15] If the trial court believes that it is necessary, Civil Rule 53 provides a mechanism whereby the court can appoint a master to conduct an evidentiary hearing. Finally, should the trial court find that it is essential that it personally observe the demeanor of the witness, the court could hold the hearing or trial within a 100-mile radius of the witness' residence. Thus, we conclude that nothing in the non-adversarial nature of these particular adoption proceedings or the court's special duty with respect to the welfare of children domiciled in Alaska precludes the interpretation given Civil Rule 32(a)(3)(B) today.

Reversed and remanded for proceedings in accordance with this opinion.

ERWIN, J., not participating.

---

13. AS 20.15.120(c). *See generally DeHart v. Layman*, 536 P.2d 789, 790 (Alaska 1975).

14. In these cases, the superior court entered orders providing for these investigations.

15. Our opinion in *Veazey v. Veazey*, 560 P.2d 382 (Alaska 1977), deals extensively with the duties of the guardian ad litem.