(766 P.2d 837)

No. 61,193

Dr. Adego E. Eferakeya, *Appellant,* v. Twin City State Bank, *Appellee/Cross-appellant,* and Manufacturers Hanover Trust Company, *Appellee/Cross-appellant.*

Opinion filed December 29, 1988.

*James F. McMahon*, of McConnell & McMahon, of Overland Park, for the appellant.

*Alan V. Johnson* and *Michael E. Francis*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for the appellee/cross- appellant, Twin City State Bank.

*David A. Hanson*, of Glenn, Cornish, Hanson & Karns, Chartered, of Topeka, and *Robert M. Rosenblith*, vice president and associate general counsel, of New York, New York, for the appellee/ cross-appellant, Manufacturers Hanover Trust Company.

Before BRISCOE, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge, assigned.

BRISCOE, J.: Plaintiff Adego Eferakeya appeals the judgment of the district court dismissing with prejudice his action against Twin City State Bank (Twin City) for lack of prosecution. Third-party plaintiff Twin City and third-party defendant Manufacturers Hanover Trust Company (MHT) cross-appeal from the judgment of the district court awarding Twin City $500 for attorney fees and expenses.

Plaintiff, a citizen of Nigeria, filed this action against Twin City, a bank in Kansas City, Kansas, for wrongfully honoring a check plaintiff had issued to his brother in the amount of $13,400. According to plaintiff, the check was not endorsed when honored by Twin City, but the check had in fact been stolen and fraudulently cashed by someone other than the payee. Plaintiff alleged Twin City converted his monies by paying the check and fraudulently advised plaintiff it was not responsible for conversion of the check.

Twin City answered, denying any liability to plaintiff. Twin City then filed a third-party petition against MHT, a New York banking corporation with its principal place of business located in New York City. According to Twin City, in the event plaintiff prevailed, Twin City would be entitled to judgment against MHT because of contractual warranties, express and implied, between MHT and Twin City arising out of MHT's endorsement of the check. Twin City alleged MHT was subject to jurisdiction under the Kansas long arm statute, K.S.A. 1987 Supp. 60-308(b)(5), in that MHT entered into a contract with Twin City wherein it agreed to guarantee all prior endorsements on the check. MHT answered, denying liability and asserting lack of jurisdiction.

After several delays and continuances, plaintiff's action against Twin City was ultimately dismissed with prejudice upon Twin City's motion when plaintiff failed to appear at trial. Twin City

then sought an award against MHT for fees and expenses in the amount of $13,204.88. Twin City relied on K.S.A. 84-4-207 as the basis for its claim, contending it was entitled to fees and expenses incurred as a result of MHT's breach of its endorsement warranties. The court entered an award against MHT in the amount of $500.

## I. Recusal

Plaintiff contends the district court erred in refusing to grant plaintiff's motion for recusal. A copy of a letter dated November 12, 1986, was delivered to the district court on November 14, 1986, requesting the district judge to recuse himself. The letter did not specify any grounds for counsel's request. The trial of this action was scheduled to commence on November 18, 1986. At a hearing on November 18, the court acknowledged receipt of the letter but denied plaintiff's motion as untimely. Plaintiff's action was dismissed with prejudice that same date.

Several months after dismissal of plaintiff's action but prior to the court's ruling on plaintiff's motion for new trial, plaintiff filed a formal motion for recusal. Again, no grounds for the motion were set out and no affidavit supporting the motion was filed. At a hearing on the motion, plaintiff stated his reasons for the motion, although the reasons are not specified in the journal entry beyond "he believes the Court to be biased and prejudiced against not only the plaintiff but plaintiff's counsel." The court noted the same motion had been made earlier and denied it.

Plaintiff contends the district court failed to follow the statutory procedure for change of judge set out in K.S.A. 1987 Supp. 20-311d by not referring the matter to another judge. The mere filing of a motion for change of judge under K.S.A. 1987 Supp. 20-311d(a), absent the filing of an affidavit under 20-311d(b), does not require transfer of consideration of the motion to another judge.

Here, plaintiff failed to follow the procedure set out in 20-311d; he did not follow his initial motion with an affidavit. It is the filing of the affidavit which triggers the judge's obligation to transfer the case to another judge. Absent the filing of an affidavit, the judge was under no obligation to transfer the case.

## II. Continuance

Plaintiff contends the district court abused its discretion in denying plaintiff's motion for a continuance. On November 17,

1986, the day before trial, plaintiff filed a motion for a continuance with a supporting affidavit. Plaintiff's counsel alleged that plaintiff was unaware of the trial date despite counsel's attempts to notify him, due to the poor communications system within Nigeria. Plaintiff's counsel stated in the affidavit that he was unsure as to whether plaintiff had received notice of the trial setting. The district court denied the motion. The court did not specify the grounds for its ruling in the journal entry.

A ruling on a motion for a continuance is discretionary with the district court and an order denying a motion for a continuance will not be disturbed on appeal unless there is a clear showing of an abuse of discretion. Abuse of discretion for failure to grant a continuance exists only when no reasonable person would take the view adopted by the district court. *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 422, 625 P.2d 1117 (1981); *Cheek v. Hird*, 9 Kan. App. 2d 248, 250, 675 P.2d 935 (1984). A district court need not entertain any motion for a continuance based on the absence of a material witness unless supported by an affidavit. *Cheek*, 9 Kan. App. 2d at 250.

The district court did not abuse its discretion in denying plaintiff's motion for a continuance. First, the plaintiff did not comply with the requirements of K.S.A. 60-240(c) by setting out plaintiff's expected testimony at trial. Second, in view of the many delays in the proceeding caused by plaintiff's absence, the court's order was not unreasonable. The taking of plaintiff's deposition and the date of trial had already been postponed due to plaintiff's absence. Plaintiff left the country four days before the May 5 trial date and a continuance was granted until October 6. The trial was again continued on MHT's motion until November 18. Plaintiff's counsel told the court that he had not talked to his client since April 1986, when his deposition was taken. According to the supporting affidavit filed with the court, counsel was not sure plaintiff knew of the November 18 trial date. Given the number of delays already caused by plaintiff's absence, his voluntary departure from the country just prior to the May 5 trial date, and the total lack of communication between counsel and plaintiff, the court's order was not unreasonable.

### III. Use of Plaintiff's Deposition

Plaintiff contends the district court abused its discretion in

denying plaintiff's motion to use his deposition in lieu of his testimony at trial. Plaintiff's counsel filed a notice and application to use plaintiff's deposition on November 17, 1986, along with a supporting memorandum. The application was filed in the event the motion for continuance was denied. The court denied plaintiff's application to use the deposition. Although the court did not set forth findings of law to support its ruling in the journal entry, a review of the hearing transcript discloses that the motion was denied because (1) there was no advance notice to opposing counsel prior to the taking of the deposition that the deposition would be an evidentiary deposition and it would be unfair to allow its use in lieu of testimony; and (2) plaintiff's presence was required at trial.

Plaintiff contends on appeal that his deposition was admissible under K.S.A. 1987 Supp. 60-232(a)(3)(B), (E). Specifically, plaintiff contends there is no basis for the court's distinction between evidentiary and discovery depositions under the statute and there is no requirement that a plaintiff appear at the trial. Twin City and MHT respond that, under the statute, plaintiff procured his own absence by leaving the country; therefore, the court correctly denied plaintiff's motion to admit his deposition.

While the method of reaching a finding as to the admissibility of an affidavit is discretionary with the trial court, the right to use a deposition is controlled by statute. The court cannot, under the guise of judicial discretion, read a requirement into the statute which is not there. *Smith v. Blakey, Administrator*, 213 Kan. 91, 97, 515 P.2d 1062 (1973). Neither the Kansas nor the federal rules make any distinction between discovery depositions and any other kind so far as use is concerned. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-232 (1979). The clear words of 60-232(a) and (b) provide that, subject to valid objections as to admissibility, a deposition may be used at trial against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof if there is compliance with one of the enumerated provisions of 60-232(a)(3). Here, as the party taking plaintiff's deposition, Twin City clearly had notice of it. Notice was also given to the other parties by Twin City. We find no statutory basis for the district court's distinction between a discovery and an evidentiary deposition. The court's refusal to allow the use of the deposition on this ground is an abuse of discretion.

The district court also appeared to base its decision on the failure of plaintiff to appear in court. Plaintiff contends there is nothing which required plaintiff to appear. A review of the code of civil procedure and case law discloses no requirement that a plaintiff be present at trial in order for the case to proceed. K.S.A. 1987 Supp. 60-232(a)(3) clearly provides the deposition of a witness, whether or not a party, may be used by any party for any purpose if one of five conditions is met. This would allow for use of plaintiff's deposition if the requirements of the statute are met. See *Richmond v. Brooks*, 227 F.2d 490 (2d Cir. 1955); 4A Moore's Federal Practice ¶ 32.05 (1987); 8 Wright & Miller, Federal Practice and Procedure: Civil § 2147 (1970).

K.S.A. 1987 Supp. 60-232(a)(3)(B) provides that a deposition may be used if "the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state of Kansas, unless it appears that the absence of the witness was procured by the party offering the deposition." According to plaintiff, his deposition was admissible because he was out of the state and he did not procure his own absence. Defendants contend plaintiff did procure his own absence by voluntarily leaving the country four days before the first scheduled trial date.

Two problems of interpretation are presented by the language of 60-232(a)(3)(B). First, "absence" could refer to either absence from trial or absence from the 100-mile radius or the state. Second, "procured by the party offering the deposition" could be interpreted to preclude a party's use of his deposition where his absence is voluntary.

According to Professor Moore, if "absence" in the rule means absence from the 100-mile radius (or the state), then a party who resides more than 100 miles (or out of the state) cannot be said to procure his own absence. If, however, "absence" means absence from trial, then the party residing outside of the area cannot use his own deposition unless it appears he could not be present for trial and his absence is not due to a mere preference to use his deposition rather than testify. Professor Moore concludes the "unless" clause refers to the situation where a party instigates a witness (including the party himself) to go outside of the 100-mile radius (or under the Kansas rule, the state). Under this view,

a party who resides outside of the 100-mile radius may use his own deposition if he wishes. 4A Moore's Federal Practice ¶ 32.05. See *Matter of Adoption of IJW,* 565 P.2d 842 (Alaska 1977).

Following the view of Professor Moore, we interpret the "unless" clause in 60-232(a)(3) to refer to absence from the 100-mile area around the place of trial or absence from the state of Kansas. Therefore, the issue here is whether plaintiff procured his absence from the state, thereby barring the use of his deposition.

This leads to the second problem of interpreting the rule, the definition of "procure." From the cases reviewed, no uniform definition has been formulated. In *Richmond v. Brooks,* 227 F.2d 490, plaintiff, a resident of California, sued her former husband, a resident of New York City. The trial court refused to allow her offered deposition of proof. Defendant argued on appeal that the "unless" clause precluded use of the deposition, particularly since plaintiff had been in New York only two weeks prior to trial for the Christmas holidays. The court rejected this argument, holding there was no apparent reason to justify a requirement that plaintiff must live in New York City at great expense awaiting the uncertain call of the case for trial or be penalized for a previous trip. We conclude from our reading of this case that the Second Circuit adopted a rule allowing a nonresident to use his deposition at will.

In *Weiss v. Weiner,* 10 F.R.D. 387 (D. Md. 1950), the court found that, under the circumstances of that case, the absent defendant had not procured his own absence. According to the court, "procured" in that context would imply the party had "collusively instigated or induced" a witness to remove himself or at least had "unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined." 10 F.R.D. at 389.

Other courts have been more restrictive in the application of the "unless" clause. In *King v. International Harvester Co.,* 212 Va. 78, 84, 181 S.E.2d 656 (1971), the court concluded that "absence" of the witness referred to absence from trial and a party who is out of state or is a greater distance than 100 miles from the place of trial cannot use his own deposition unless it appears he could not be present. When the absence is due

merely to a preference to use the deposition rather than to testify, or is voluntary and unexplained, it is "procured" within the meaning of the rule. In *Vevelstad v. Flynn,* 230 F.2d 695, 702 (9th Cir. 1956), the court held that a trial court properly refused to allow a party to use his own deposition where the party voluntarily left the United States before trial. See *Bartell v. Bartell,* 278 Md. 12, 357 A.2d 343 (1976).

According to Wright & Miller, courts may consider all the circumstances of why the party is away from the trial and determine in light of these factors whether to allow use of the deposition. 8 Wright & Miller, Federal Practice and Procedure: Civil § 2147. See *Albuquerque Nat. Bank v. Clifford Industries,* 91 N.M. 178, 571 P.2d 1181 (1977); *Rambend Realty Corp. v. Backstreets Band,* 482 N.E.2d 741 (Ind. App. 1985).

We conclude (1) the "unless" clause of 60-232(a)(3)(B) refers to absence from the 100-mile area around the place of trial or absence from the state and not absence from trial; and (2) procurement means a party has collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify, or at least unfairly and for an improper purpose deliberately absented himself from the jurisdiction so he could not be examined. Under this definition, a party from out of state would be free to use his own deposition at trial. The determination of whether a party procured his own absence should be left to the discretion of the trial court after considering all the circumstances of the case.

In the present case, the district court did not rely on the statute to determine whether plaintiff's deposition could be used. Defendants, however, contend we can uphold the court's decision under the "unless" clause because plaintiff did procure his own absence. Whether plaintiff procured his own absence is a fact question and is within the discretion of the district court. Plaintiff's counsel contended below that plaintiff could travel here only at great expense and could only bring a limited amount of money with him. Defendants argued plaintiff stayed with relatives here and left only four days before the initial trial date. None of these allegations are supported by the record. Based upon the present state of the appellate record, we cannot determine whether plaintiff procured his own absence. Therefore, we must remand to allow the district court to make this determination pursuant to 60-232(a)(3)(B).

MHT also contends on appeal that plaintiff failed to establish he was not within 100 miles of trial or was outside the state of Kansas. The burden of proof is upon the party offering the deposition. See *Hartman v. United States*, 538 F.2d 1336 (8th Cir. 1976); *Ikerd v. Lapworth*, 435 F.2d 197 (7th Cir. 1970). It has been held that the party's testimony in the deposition that he lives outside of the area is sufficient evidence. *Stewart v. Meyers*, 353 F.2d 691, 696 (7th Cir. 1965). In this case, the deposition was not admitted into evidence. Plaintiff's counsel did file an affidavit alleging that plaintiff was a resident of Nigeria. Defendants did not challenge plaintiff's contention below. Based upon the allegations of counsel in the affidavit, unanswered by the defendants, the district court could have concluded plaintiff was out of the state.

Twin City contends the plaintiff's deposition is not admissible because he is not "unavailable" within the meaning of K.S.A. 60-459(g). K.S.A. 60-459(g) is the definition of unavailable for purposes of the hearsay evidence section of the statute. Apparently, Twin City contends the deponent must be "unavailable" before the deposition may be used. This argument is without merit. K.S.A. 1987 Supp. 60-232(a) provides that a deposition "so far as admissible under the rules of evidence *applied as though the witness were then present and testifying*" may be used if in accordance with the statute. (Emphasis added.) According to 8 Wright & Miller, Federal Practice and Procedure: Civil § 2143, this language was added specifically to eliminate hearsay objections to the use of depositions. The rule creates its own exception to the hearsay rule. Therefore, it is not necessary that plaintiff establish "unavailability" for purposes of the hearsay rule in order to use the deposition under 60-232.

Plaintiff contends his deposition may also be used pursuant to 60-232(a)(3)(E) which provides the deposition may be used "upon application and notice, such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." This provision is a residual authorization which allows use of the deposition although none of the first four conditions are met. 4A Moore's Federal Practice ¶ 32.05. In *Stremel v.*

*Sterling*, 1 Kan. App. 2d 310, 564 P.2d 559 (1977), this court upheld the use of a deposition based on this provision. In that case, the witness was in Wichita and the trial was in Hutchinson. The witness had been subpoenaed but was not present. The court found these factors, together with K.S.A. 60-102, which provides for liberal construction of the rules of civil procedure to secure a speedy determination, justified admitting the deposition and that such a conclusion could easily have been justified based on 60-232(a)(3)(E).

Plaintiff's counsel contends the difficulty in communicating with his client and his client's inability to return to the United States are "exceptional circumstances" allowing the use of the deposition. Defendants contend plaintiff's counsel did not give them sufficient notice and that it was important that plaintiff present his testimony in court so they could cross-examine him.

K.S.A. 1987 Supp. 60-232(a)(3)(E) does provide a basis for admitting the deposition. However, the court did not directly address the statute in its ruling, but instead relied on erroneous grounds for its decision. We also remand to allow the court to consider use of the deposition pursuant to 60-232(a)(3)(E).

### IV. Dismissal for Lack of Prosecution

Plaintiff contends the district court erred in dismissing his action with prejudice for lack of prosecution. Plaintiff argues he was ready to proceed without plaintiff's testimony. K.S.A. 60-241(b) provides in part:

"For failure of the plaintiff to prosecute or to comply with these sections or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Orders dismissing actions for lack of prosecution will not be reversed on appeal in the absence of clear abuse of discretion. *Frost v. Hardin*, 218 Kan. 260, 263, 543 P.2d 941 (1975).

Whether or not it was error to disallow the use of plaintiff's deposition, the district court abused its discretion in dismissing plaintiff's action for lack of prosecution. Although in the absence of specific findings of fact and conclusions of law it is difficult to determine, the court apparently dismissed the action because plaintiff was not present at trial. Counsel, however, told the court he was willing to proceed without the testimony or deposition of plaintiff and the court refused. The court's action in dismissing the action was error because there is no requirement in the code

of civil procedure that plaintiff attend trial. Plaintiff should have been allowed to proceed, or at least to proffer evidence, and bear the risk of not sustaining his burden of proof.

## V. Personal Jurisdiction over MHT

In its cross-appeal, MHT contends it is not subject to personal jurisdiction in Kansas pursuant to the long arm statute, K.S.A. 60-308. Twin City first notified MHT of plaintiff's action pursuant to K.S.A. 84-3-803 and demanded MHT defend it in the action. Twin City then filed a third-party action against MHT claiming that, if it was liable to plaintiff, it was entitled to reimbursement from MHT based on express and implied contractual warranties arising from MHT's endorsement on the check. Twin City alleged jurisdiction based on K.S.A. 1987 Supp. 60-308(b)(5), "specifically, in that said third-party defendant entered into a contract with the defendant and third-party plaintiff wherein it agreed to guarantee all prior endorsements on the check." MHT answered by denying liability and asserting lack of personal jurisdiction. MHT filed a motion to dismiss for lack of jurisdiction, which was denied.

Following dismissal of plaintiff's action for lack of prosecution, Twin City filed a motion and supporting memorandum for an award of attorney fees and expenses from MHT. MHT again asserted lack of jurisdiction. The trial court denied MHT's motion and awarded Twin City attorney fees.

The court found the check in question in this case bore the following endorsement:

"PAY TO THE ORDER OF ANY BANK/BANKER
ALL PRIOR ENDORSEMENTS GUARANTEED
July 18, 1983
MANUFACTURERS HANOVER TRUST COMPANY
SPECIALIZED INTL SERVICES-INWARD
IV NEW YORK PLAZA, NEW YORK, NY"

The court also found that Twin City notified MHT several times of the action filed by plaintiff and demanded MHT defend Twin City pursuant to 84-3-803. The court then concluded:

"The endorsement on the check in question made by Manufacturers Hanover Trust Company establishes a contractual relationship entered into between Manufacturers and Twin City State Bank [in] the State of Kansas, thus conferring jurisdiction upon the court over the third-party defendant.

"Manufacturers guaranteed to Twin City that it had good title to the instrument and its refusal to take up the defense of this case, after proper notice by Twin City

entitles Twin City to indemnity for attorney's fees and expenses from Manufacturers, pursuant to K.S.A. [84-4-207]."

MHT contends the endorsement on the check does not create a contract upon which long arm jurisdiction may be based. K.S.A. 1987 Supp. 60-308(b) provides:

"Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

. . .

"(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state."

In addressing the question of jurisdiction, the court is faced with a necessary two-step analysis. First, it must be determined whether the nonresident's conduct falls within the scope of the relevant provisions of the Kansas long arm statute. Second, it must be determined whether the exercise of jurisdiction in the particular case comports with the constitutional guarantee of due process of law. *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 779, 740 P.2d 1089 (1987); *Schlatter v. Mo-Comm Futures, Ltd.*, 233 Kan. 324, 329, 662 P.2d 553 (1983). Essentially the same factors which enter into a determination that the statute authorizes exercise of jurisdiction are involved in deciding whether the exercise of jurisdiction is constitutionally valid. *Schlatter*, 233 Kan. at 337. The statute is to be liberally construed to allow the exercise of jurisdiction to the outer limits allowed under due process. *Schlatter*, 233 Kan. at 329.

The court found that jurisdiction could be exercised under 60-308(b)(5) since MHT entered into a contract with Twin City by endorsing the check. In *Chilson v. Capital Bank of Miami*, 237 Kan. 442, 701 P.2d 903 (1985), the court considered a case where a Kansas drawee bank was seeking to shift liability for a missing endorsement to an out-of-state collecting bank which had stamped "P.E.G." (prior endorsement guaranteed) on the back of the check. The court held that the warranties of 84-4-207 applied to missing endorsements, as well as forged endorsements. The court also held that the three-year statute of limitations for breach of implied warranty should apply and not the five-year warranty for written contracts. According to the court,

stamping "P.E.G." on the back of the check is no more than an acknowledgment of the UCC's implied warranties under 84-4-207 unless the parties have expressed that the provision of the UCC shall not apply. The warranties of the UCC arose not by agreement of the parties but by operation of law.

Applying the principles of *Chilson* to this case, it must be concluded no contract was created between Twin City and MHT by the endorsement. The endorsement merely acknowledged the existence of the UCC warranties which arise by operation of law. Although K.S.A. 1987 Supp. 60-308(b)(5) provides personal jurisdiction over a nonresident if the nonresident enters into an express or implied contract with a resident of the state, the statute should not be interpreted to include warranties implied by law. The statute provides that jurisdiction arises when a nonresident does one of the enumerated acts. There was no intentional act on the part of the parties to create a contract here. "Implied contract" should be read to include only contracts implied from the facts of the case, not warranties created by operation of law. We note only in passing that the issue of personal jurisdiction was not raised in *Chilson*.

The next question is whether the exercise of personal jurisdiction violates the due process guarantees of the Fourteenth Amendment. A state court may exercise personal jurisdiction over a nonresident defendant only as long as there exist "minimum contacts" between the defendant and the forum state. *Davis v. Grace*, 4 Kan. App. 2d 704, 709, 610 P.2d 1140 (1980).

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 319, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

"In order to subject a defendant to a judgment *in personam* if he be not present within the territory of the forum state, he must have the minimum contacts enumerated in the statute, and whether due process is satisfied depends upon the quality and nature of the activities of the defendant, which must be determined on a case by case basis." *White v. Goldthwaite*, 204 Kan. 83, Syl. ¶ 2, 460 P.2d 578 (1969).

"Three basic factors must coincide if jurisdiction is to be entertained over a nonresident on the basis of transaction of business within the state. These are (1) the nonresident must purposefully do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with,

such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." *White*, 204 Kan. 83, Syl. ¶ 3.

The *Goldthwaite* test is accepted as the standard for determining whether the exercise of in personam jurisdiction over nonresident defendants offends their constitutional right to due process. *Schlatter*, 233 Kan. 324, Syl. ¶ 7; *Davis*, 4 Kan. App. 2d at 713.

Applying this test to the present case, we conclude there is no personal jurisdiction over MHT. First, there was no act performed by MHT or transaction completed within the state. As previously discussed, the P.E.G. stamp was not a contract between MHT and Twin City. See *Gateway Leasing, Inc. v. American Bank*, 577 F. Supp. 908, 910-11 (D. Md. 1984). Also, any action on the part of MHT was performed in New York, where the check was processed and endorsed. The second requirement need not be addressed as there was no act performed by MHT in Kansas. The third requirement considers traditional notions of fair play and substantial justice. Here, it must be concluded that it would be unfair and unreasonable to exercise jurisdiction over MHT based upon its endorsement of the check.

"[I]n view of the enormous volume of interstate check processing which every bank performs on a daily basis, it would be unreasonable to charge each bank with the knowledge that it may at any time be called to answer in the courts of any of the fifty states from which a check cashed by one of its customers originated.

". . . *International Shoe* and *World-Wide Volkswagen* would be offended by basing jurisdiction over a non-resident bank upon the bank's mere acceptance of a check which indicates on its face its origin in the forum state." *Froning & Deppe, Inc. v. Continental Illinois, Etc.*, 695 F.2d 289, 291 (7th Cir. 1982).

Other courts have held collection of a check by an out-of-state bank does not give the drawee bank's home state jurisdiction over the collecting bank. *Sears Bank & Trust Co. v. Luckman*, 61 Ill. App. 3d 260, 377 N.E.2d 1156 (1978); *State ex rel. Bank of Gering v. Schoenlaub*, 540 S.W.2d 31 (Mo. 1976); *Jack O'Donnell Chevrolet, Inc. v. Shankles*, 276 F. Supp. 998 (N.D. Ill. 1967); *First United Bank v. First Nat. Bank*, 255 Ga. 505, 340 S.E.2d 597 (1986).

Twin City presented no other evidence of contacts between MHT and Kansas other than the single check involved in this

case. We conclude there was not substantial competent evidence to support the trial court's finding of personal jurisdiction in this case. Therefore, the judgment entered against MHT is void.

The dismissal of plaintiff's action is reversed and remanded for further proceedings. The denial of MHT's motion to dismiss for lack of jurisdiction is reversed.