## WOLCHER v. UNITED STATES.
### No. 14109.

United States Court of Appeals,
Ninth Circuit.

May 14, 1954.

See also 200 F.2d 493.

Leo R. Friedman, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Robert H. Schnacke, Richard Foster, Asst. U. S. Attys., San Francisco, Cal., for appellee.

DENMAN, Chief Judge.

The United States on affidavit of its attorney, who tried the case below and was assigned by it to prepare its answering brief in this criminal appeal due for filing on April 11, 1954, was granted on April 19, 1954, a thirty-day extension of time to May 11, 1954, to file it. This was granted on the reasonable ground that such attorney *prior to receiving appellant's brief* was assigned by the United States to prepare for a trial in the United States District Court in its case against one Kremer. That case began on April 11 and its attorney was then so occupied, which trial it was estimated in the affidavit would consume two weeks' time from April 19 or until May 3—eight days before the extended time to prepare and file its brief.

■ The United States now seeks a further 30-day extension of time to June 11, 1954, on two affidavits of the same attorney. Our practice in this regard is that of the Supreme Court. Rule 8(2). The instant Wolcher appeal is a criminal case which, under our practice, has a preferred position in its hearing.

The United States concluded the Kremer case on April 26—that is, in but seven days instead of two weeks' time, thus enabling the United States to file its brief, requiring but eight days to prepare, print and file, on May 4, 1954, and this criminal appeal would have been set for hearing in the late May sessions.

Instead of beginning to prepare its brief on April 26, the affidavit of its at-torney assigned to write the Wolcher brief states the United States caused him to prepare for and engage in another trial in the district court of one Kaspar, a person free on bail. That case was set to begin on May 24, 1954, and expected to last ten days or until June 3, 1954—that is, again eight days before June 11, 1954, the end of the requested extension of time. Also, the United States has assigned him to many other district court activities prior to May 12, 1954.

After filing his affidavits the attorney stated to me that instead of eight days to prepare, print and file his brief, he required ten days to prepare his reply to the long and involved brief of appellant, and from four to five days to print it. Apparently, a third extention of time would have to be obtained for its filing.

■ One can imagine the laughter of the American Bar if, say, the Steel Corporation in a case to be heard in its then term would seek from the Supreme Court an extension of time to file there its brief requiring eight days to prepare, print and file, because the corporation's attorney familiar with the case had been prevented from preparing it by the corporation's assigning him instead of its many other attorneys to the trial of cases in the district court. In this particular situation there is no difference between a private corporation as a litigant and the United States as such litigant.

Furthermore, the United States has made no showing that it has not a sufficient number of attorneys in the Northern District of California to care for its litigation there, nor if it has not, that it has not sufficient funds to employ them, and if it has not such funds, there is no showing of its seeking them from the Congress and the latter's refusal to supply such funds.

The motion for an extension of time is denied.