Milton HARRIS and the District of Columbia, a Municipal Corporation, Appellants,

v.

Isaac A. AKINDULURENI, Appellee.

No. 8996.

District of Columbia Court of Appeals.

Argued April 10, 1975.

Decided June 23, 1975.

Rehearing En Banc Denied July 28, 1975.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellants.

Miller W. Marshall, Washington, D. C., with whom Charles C. Parsons, Washington, D. C., was on the brief, for appellee.

Before FICKLING, KERN and HARRIS, Associate Judges.

PER CURIAM:

The District of Columbia and Milton Harris, a D. C. Police Officer, appeal from a judgment entered against them [1] after a jury trial at which counsel for appellants [2] was not present. The sole issue raised for our consideration on this appeal is the propriety of the denial of appellants' motions for a continuance of the trial.

The instant case was first tried to a jury, after several pretrial delays,[3] in July 1974. A mistrial was declared upon the inability of the jury to agree on a verdict. Shortly thereafter appellee moved, without opposition from the D. C. Government, to advance retrial of the case, and on September 5, 1974, the parties were notified that trial had been scheduled by the trial court's Assignment Commissioner for October 3, 1974.

Because the Assistant Corporation Counsel who had tried the case was already scheduled for jury trials on October 1, 8, 11, 17, 22 and 30, appellants promptly notified counsel for appellee of their intention to seek a continuance.[4] At the hearing on that motion, held on September 19, 1974, counsel for appellants represented to the court that his trial scheduled for October 1st would run over into October 3rd, and that the trial of the instant case would probably conflict with the case already set for him on October 8th.[5] The motion was denied on the ground that another attorney from the Office of the Corporation Counsel should be assigned to try the case.[6]

On the date of trial the attorney assigned to the case was in fact engaged in another trial, and Mr. Earnest, a senior attorney from the Office of the Corporation Counsel, appeared for the government and moved before two different judges for a continuance. The motion was denied by both judges on the ground that the government must bear the responsibility for its

---

1. Damages in the amount of $85,000 were awarded on appellee's complaint for assault and battery, false arrest, false imprisonment and malicious prosecution.

2. Appellants were jointly represented by a member of the Office of the Corporation Counsel.

3. Appellee's action was filed in the United States District Court for the District of Columbia on August 20, 1972, and certified to the Superior Court on January 15, 1973. Two pretrial continuances were granted, one at the request of each party.

4. Also asserted as a ground for a continuance was the fact that the transcript of the first trial had not yet been delivered.

5. The first trial of the case took seven days.

6. The following day counsel for appellants was notified that their medical witness who had testified at the first trial would be out of the country for a month beginning October 4, the day after the retrial was scheduled to begin. Appellants again moved for a continuance, which was denied by the same judge who heard the first motion.

lack of sufficient manpower to proceed with cases as they are scheduled. These judges reasoned that they could not allow the failure of the legislature to appropriate adequate funds for the Office of the Corporation Counsel to impede the prompt disposition of cases.

Its final motion denied, the government's attorney announced that he did not intend to go forward in the absence of the particular Assistant Corporation Counsel to whom the case had been assigned and who was familiar with it. He then withdrew from the court. Appellee presented his case to the jury, and judgment was entered on its verdict in favor of appellee.

■ A motion for a continuance is of course addressed to the sound discretion of the trial court, and its ruling will be reversed only for a clear abuse of discretion. *Evening Star Newspaper Co. v. Covington,* D.C.App., 323 A.2d 718, 722 (1974); *D. C. Transit System, Inc. v. Young,* D.C.App., 293 A.2d 488, 490 (1972). Nonetheless, the court may not be so persistent in its endeavors to keep its calendar current as to deprive the parties of their right to a fair hearing. Focusing, as we must, on only the particular facts and circumstances of this case, we are of the view that a continuance should have been granted, and that failure to do so constituted an abuse of discretion.

■ The fact that counsel to whom the case had been assigned was unable, because of prior court commitments, to appear at the trial was by itself sufficient to require the granting of a continuance in this case.[7] *See Budget Laundry Co. v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972). It is uncontroverted on the record before us that the

schedule of cases assigned to the Assistant Corporation Counsel in charge of the case created a conflict between the trial of this case and other cases already set for trial. It is also uncontroverted that the conflict was not the fault of appellants' counsel, but a result of a scheduling process over which he had no control. It is also clear that counsel acted promptly and diligently in seeking relief when the conflict was made known to him.

We do not think the government was required under the circumstances here to assign another attorney to defend the case. The desire of the Corporation Counsel's Office to leave this case, an apparently lengthy and complex one, in the charge of the Assistant Corporation Counsel who handled it at the first trial is reasonable, and is part of a rational use of the government's limited legal resources. In addition, it was demonstrated that no other Assistant Corporation Counsel could be assigned to the retrial of the instant case without sacrifice of other pressing cases.[8] *See Wolcher v. United States,* 213 F.2d 539 (9th Cir. 1954).

■ There is no evidence in the record of a lack of good faith or of due diligence on the part of the government in this case. On the contrary, two trial judges explicitly recognized that the scheduling problem typified by this case is a bona fide and substantial one for the Office of the Corporation Counsel, and rejected suggestions by appellee that the government was acting in disregard of its obligations to the court. Given that fact, the trial court acted improperly in denying a continuance without an inquiry either into the possibility of rescheduling the case with a minimum of additional delay or of

---

7. For this reason, we find it unnecessary to decide whether the other two factors present in this case—the absent witness and the late transcript—would also justify granting a continuance.

8. Mr. Earnest represented to the court that the Assistant Corporation Counsel in charge

of the case was carrying a caseload of approximately 150, a typical caseload for Assistants, and that the Civil Proceedings Division had 22 other jury trials in the Superior Court alone scheduled for the month of October.

any specific prejudice which appellee might suffer by a delay.[9]

We recognize the trial court's need always to insist on prompt dispatch of its business; we regret that this case must be tried yet a third time; but, nonetheless, under the circumstances here we have no alternative but to reverse the judgment and remand the case for a new trial.

*So ordered.*

9. In an extreme case the right of a litigant to have his case finally disposed of might well justify forfeiting the government's case, as was done here, because of its inadequate personnel resources. This was not, however, such an extreme case. Although the claim was an old one, there was present neither such inordinate delay nor such extreme prejudice shown to appellee as to justify disregard to the right of the District of Columbia to present an effective defense.