**Willie Mae FEASTER, Appellant,**

v.

**Charles A. FEASTER, Appellee.**

**No. 10256.**

District of Columbia Court of Appeals.

Submitted May 25, 1976.

Decided June 30, 1976.

John J. Dwyer, Washington, D.C., for appellant.

No appearance was entered for appellee.

Before YEAGLEY and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

HARRIS, Associate Judge:

Appellant was the defendant in a suit for absolute divorce based upon a voluntary separation. D.C.Code 1973, § 16–904(a). She appeals from a judgment granting the divorce but denying her any support or alimony. Appellant contends that the trial court abused its discretion in denying her request for a continuance. As a result of that ruling, appellant was not present at the trial since she was at that time physically unable to travel from Colorado to the District of Columbia. Further, appellant challenges the trail court's failure to award compensation to her appointed counsel. We agree that the trial court's refusal to grant the requested continuance represented an abuse of discretion. In addition, we find no indication that the court gave consideration to counsel's request for a fee. We therefore reverse and remand.

Appellee's complaint was filed in December 1974. Upon appellee's request the court ordered the appointment of counsel to defend appellant. See D.C.Code 1973, § 16–918; Super.Ct.Dom.Rel.R. 17(d). In May 1975, appellant filed a motion for a continuance, alleging her inability to leave Colorado due to major medical problems. Her motion was granted in June 1975. At that time, a new trial date of September 2, 1975, was set and the court ordered that no further continuances were to be granted. However, prior to the September trial date, appellant again requested a continuance. Her motion was accompanied by a letter from her doctor which stated that she had undergone hip surgery for the second time in July 1975, was currently hospitalized, and would be unable to travel for an indefinite period of time. Appellant suggested a continuance until November 1975. At the hearing on this motion, a second trial judge relied upon the first judge's order that no further continuances were to be granted. Stating that he could not "overrule" such an order, he denied the motion.

The decision whether to grant a continuance is entrusted to the sound discretion of the trial court, and unless that discretion is exercised arbitrarily the decision will not be disturbed on appeal. See, e. g., Evening Star Newspaper Co. v. Covington, D.C.App., 323 A.2d 718, 722 (1974); Klein v. Rappaport, D.C.Mun. App., 90 A.2d 834, 835 (1952). We have held, however, that in some instances refusal to grant a continuance is reversible error. Thus, this court twice specifically has found that when a party's presence is precluded by uncontested illness and that party thereby is deprived of an opportunity to be heard, a continuance should be granted to avoid "material hardship and injustice". Etty v. Middleton, D.C.Mun.App., 62 A.2d 371, 373 (1948); see Bernard's Fur Shop v. DeWitt, D.C.Mun.App., 102 A.2d 462 (1954). See also Cornwell v. Cornwell, 73 App.D.C. 233, 118 F.2d 396 (1941). We think it is beyond doubt that undue hardship was worked on appellant by the denial of her motion for continuance, and the record contains no suggestion that an opposite ruling would have resulted in prejudice to appellee.

Moreover, it was inappropriate for the second trial judge merely to have acquiesced in the prior ruling of the original judge. The subsequent judge was obligated to exercise his discretion with regard for the current posture of the case, considering the interests of all involved. While the second judge independently might have

concluded that no further continuance was warranted (although it is unlikely that the facts of this case would support such a ruling), he was not bound by his predecessor's order.[1]  *See Dictograph Products Co. v. Sonotone Corp.,* 230 F.2d 131, 134–36 (2d Cir.1956); *Bowles v. Wilke,* 175 F.2d 35 (7th Cir.), *cert. denied,* 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528 (1949); *Driver v. Parke-Davis and Co.,* 29 Md.App. 354, 348 A.2d 38 (1975); *cf. Brownfield v. Landon,* 113 U.S.App.D.C. 248, 307 F.2d 389, *cert. denied,* 371 U.S. 924, 83 S.Ct. 291, 9 L.Ed. 2d 232 (1962); *Delaware Watch Co. v. United States,* 311 F.Supp. 1320 (Cust.Ct. 1970). Rather, he was free to consider the motion on its merits and grant the requested continuance in order to prevent a miscarriage of justice. *Cf. Reiter v. Universal Marion Corp.,* 173 F.Supp. 13, 15–16 (D.D.C.1959).

■ Finally, appellant's appointed counsel submitted a petition for compensation in excess of the required minimum fee (which had been deposited in the court by appellee together with his application for the assignment of an attorney). The record does not reveal either the disbursement of this minimum fee or consideration by the court of counsel's request for additional remuneration. Therefore, we are unaware of the amount, if any, of compensation actually received by appellant's counsel, and have no basis upon which to review the contention that proper compensation was denied. On remand the trial court should address itself both to the question of fair compensation for representation at the prior proceedings and to any subsequent petition for attorney's fees which might be submitted as a result of the new trial.

*Reversed and remanded for a new trial.*

[1]. It was inappropriate for the first judge to have attempted to preclude any subsequent consideration of another continuance, irrespective of how compelling the reasons for such a possible motion might be. While a judge may believe that additional continuances would unreasonably delay a trial on the merits, a more limited notation such as "No further continuances should be granted except for extraordinary cause" adequately would serve to apprise succeeding judges of his opinion without appearing to preclude application of the necessary discretion.