**Deborah A. HAIRSTON, Appellant,**

v.

**Geraldine R. GENNET, Appellee.**

**No. 83–1349.**

District of Columbia Court of Appeals.

Submitted Aug. 29, 1984.

Decided Dec. 11, 1985.

Wiley A. Branton, Jr., with whom Peggy A. Barber, Washington, D.C., was on brief, for appellant.

Geraldine R. Gennet, Alexandria, Va., pro se.

Before MACK and TERRY, Associate Judges, and REILLY, Senior Judge.

REILLY, Senior Judge:

This is an appeal from an order denying a motion to vacate a judgment of $3,662.51 and costs in favor of a lawyer in an action against her former client to recover the unpaid balance of her fee. The challenged judgment was entered after an ex parte hearing on damages conducted by reason of a partial grant of summary judgment some 20 days earlier. In our opinion, the judgment should be vacated and the case remanded to the Superior Court for further proceedings.

The plaintiff's action filed on July 22, 1983, was based upon a written retainer agreement made the previous year with appellant Hairston, a local policewoman, who was then facing a shoplifting charge in Prince Georges County and a suspension by her employer, the Metropolitan Police Department. Pursuant to its terms, the plaintiff represented appellant in the criminal case in Maryland[1] and in the administrative proceedings stemming from her suspension in the District at a rate of $80 an hour. For an unspecified period, appellant paid the monthly bills submitted by plaintiff, but according to the complaint, eventually ceased to do so. Plaintiff's services were terminated by appellant's Mailogram on April 29, 1983, which contained a request for an itemized bill. This was mailed to appellant, but the complaint alleged she refused to pay it.

Appellant, on August 4, 1983, appearing *pro se*, filed a timely answer in which she admitted the retainer agreement and some indebtedness, but put into issue a number of other allegations in the complaint.

---

1. The charges were dismissed when the case came to trial in Maryland.

About two weeks later, August 16, 1983, plaintiff filed a motion for summary judgment. Judge Goodrich entered an order, noting "defendant's lack of opposition," which granted the motion "in part ... as to liability...." The order on its face shows that copies were sent to the parties on October 5. Appellant acknowledges receipt of this order on October 8, along with a notice of an ex parte hearing on damages set for October 20, 1983.

On the day set for that hearing, appellant was present in court with new counsel who entered his appearance in the case. Counsel, explaining that it was only on the previous day he had talked to his client, requested a stay or a continuance of the hearing to enable him to become familiar with the case and an opportunity to file an amended answer and a motion to set aside the summary judgment order.

He told Judge Wolf, who was presiding at the hearing, that appellant had never received a notice or copy of plaintiff's motion for summary judgment, and that she was prepared to take the stand and so testify. Plaintiff objected to counsel's request, saying that she had sent appellant a copy of the motion to which counsel had referred.

The motion for a stay or a continuance was denied and a hearing on damages proceeded. At the hearing, plaintiff testified under oath and submitted exhibits itemizing services performed. Appellant's counsel, professing inability to proceed, declined to cross-examine and presented no testimony for appellant. At the conclusion of the hearing, the trial court entered judgment for plaintiff of the entire amount claimed, *viz.*, $3,662.51 and costs. Appellant's subsequent written motion to vacate the judgment was denied.

### I

This court recently held that it was error for a trial court to treat as conceded an unopposed motion for summary judgment, *Milton Properties, Inc. v. Newby*, 456 A.2d 349, 354 (D.C.1983), observing that "[e]ven if an unopposed motion for summary judgment is deemed to establish that no genuine issue of material fact exists, the court must still review the pleadings and other papers to determine whether the moving party is legally entitled to judgment."

In the case before us, there is no showing in the record that the motions court in granting summary judgment as to liability complied with this procedure. The motion was granted without a hearing by an order, without significant explication, save a reference to the lack of opposition. Given this record, we cannot conclude with any assurance that the motion for summary judgment was granted after review and consideration of the pleadings.

■ Unlike the action which we reversed in *Milton Properties*, however, the entry of Judge Goodrich's order was not error. It was not a final judgment as it reserved the matter of damages to a subsequent proceeding. Hence, a further hearing—although termed "ex parte"—could have provided an opportunity for the defendant to contest or rebut such testimony as plaintiff offered to support the various components of her claim for damages. Her answer, although poorly drafted, had put into issue the authority of plaintiff to represent her in the grievance procedure concerning back pay from the police department—a major element in plaintiff's claim for uncompensated services.

It is plain that the hearing conducted by the second judge did not address itself to this problem. When appellant's counsel stated that his client had never received a copy of the motion for summary judgment, he foreclosed any testimony on this point by remarking that:

> Such words come very cheaply and when you're using the mails, it's always easy to just deny it and you can't prove it, it's—it's always hard when a Judge has a one on one swearing contest, and therefore, what you generally have to fall back upon is the self interest involved in saying the words, because they're cheap.

And nobody can prove you're lying. Under the circumstances, this case has been proceeding quite—for quite some time and quite properly and quite appropriately, not only does the motion for summary judgment itself bear a certificate of service to your client, but Judge Goodrich's Order itself was mailed to her. And that was done on October 5. Accordingly, I will deny your request for a stay and I can't prevent you from filing any motions you want, but I guess it will have to be a motion to vacate the judgment itself.

After plaintiff, appearing pro se, represented that she had mailed to appellant a copy of her motion, and also a letter correcting the docket number assigned to the case, she received permission to take the stand. It was at this point that counsel requested a continuance on the ground that not having had an opportunity to examine the records, he could not adequately represent his client at this time. In denying his request, the court remarked that "the case has been pending for a long time and ... she can't delay things at the [last] minute like this."[2]

While the court may well have been correct in viewing appellant's proffered excuse as incredible or a resort to dilatory tactics, we do not regard the reasons stated for either ruling as consistent with a proper exercise of discretion. Having had its attention called to the answer and the text of the summary judgment order, which seemed on its face to ignore it, the court, in our opinion, should not have been sidetracked by the peripheral issue of possible subterfuge.

The court's reasons for denying newly retained counsel a continuance do not appear to be well taken. Contrary to the court's observation, the case had not been pending for "a long time." Joinder of issue had occurred less than three months before this hearing when the answer was

filed, and the date originally set for trial was still more than two months away in the future. When appellant received notice of the ex parte hearing, she had less than two weeks to find a lawyer. Under these circumstances, it might well have been difficult to retain counsel with time for adequate preparation by the hearing date.

We recognize that trial courts are entitled to a large measure of discretion when passing upon motions for continuance. *Joyner v. Jonathan Woodner Co.*, 479 A.2d 308 (D.C.1984); *Feaster v. Feaster*, 359 A.2d 272, 273 (D.C.1976); *Harris v. Akindulureni*, 342 A.2d 684, 686 (D.C. 1975). But in a very recent case, where approximately five weeks had elapsed after a motions judge had instructed a pro se defendant to obtain counsel, we characterized as an abuse of discretion in the circumstances there present the refusal of another motions judge to vacate a default judgment upon being informed by the defendant that a newly retained counsel would not be available until the following month. *Walker v. Smith*, 499 A.2d 446, 447 (D.C. 1985). Similarly, under the circumstances here, we cannot deem unreasonable the request for continuance by counsel, when after the denial of his motion to vacate, he was confronted with the problem of contesting an itemized account just introduced into evidence.

Where continuance is denied, an important factor for consideration on review is whether prejudice resulted. In this instance, appellant was clearly injured by the ruling as counsel was then unprepared to question or rebut anything in plaintiff's exhibits, whereas any prejudice to plaintiff had a reasonable continuance been granted would have been minimal.

In our opinion, the judgment entered on October 20, 1983, must be vacated and the case remanded to the Superior Court with

---

**2.** The bracketed word does not appear in the transcript, but its omission was obviously inad-   vertent.

instructions to conduct a hearing on damages.

*Reversed and remanded.*