Harriet RYMER, Appellant,

v.

Nelson POOL, Appellee.

No. 91–CV–45.

District of Columbia Court of Appeals.

Argued May 28, 1992.

Decided Dec. 30, 1992.

Rehearing Denied Oct. 13, 1993.

St. John Barrett, Washington, DC, for appellant.

Nelson Pool, pro se.

Before FARRELL and WAGNER, Associate Judges, and GALLAGHER, Senior Judge.

FARRELL, Associate Judge.

Appellant appeals from the dismissal of her suit for fraudulent inducement to marry because of her failure to appear and prosecute. On December 4, 1990, Judge Huhn, acting as the calendar control judge, denied appellant's motion for a continuance. Judge Webber then dismissed appellant's case when she failed to appear or present any evidence on the scheduled trial date of December 6, 1990. Judge Webber dismissed the case subject to a ruling by Judge Huhn on appellant's motion for reconsideration of the motion for continuance. Judge Huhn denied that motion on January 11, 1991. We affirm the dismissal.

I.

Appellant filed her motion for a continuance on November 9, 1990, requesting a postponement of the trial—scheduled for December 9, 1990—for a period of 120 days.[1] In the motion appellant claimed

---

1. The motion was filed eleven days after Judge Mencher had entered an order stating that the law of the United States Virgin Islands would govern this case. That choice of law determination had been made pursuant to this court's direction in *Rymer v. Pool,* 574 A.2d 283 (D.C.1990), in which we reversed a dismissal of the action for failure to state a

that because of medical and financial reasons, she desired to present her own testimony at trial through deposition, and that she needed the continuance in order to have her deposition taken through the submission of written questions. Appellant claimed that she had not sought earlier "to preserve her own testimony by deposition because she fully expected to testify in person." The motion was supported by a letter she had written to her attorney stating she was "still sick," and by a physician's X-ray report dated some fourteen months earlier (August 21, 1989) which stated that she had a "chronic duodenal ulcer disease with a residue of inflammatory process in the antrium." The motion for continuance was heard on December 4, 1990, two days before the scheduled trial date. In support of the request for a continuance, counsel for appellant cited the X-ray report, which the judge pointed out was "over a year old." Counsel advanced no basis for the claim that appellant was financially unable to travel, except for the fact that she had traveled to Washington, D.C. twice previously, once in an effort to "save" the marriage and the other time for the proceedings that had resulted in dismissal. *See* note 1, *supra.* Judge Huhn denied the motion for continuance, finding that appellant had offered "no basis" for her claim that she was unable to attend the forthcoming trial. Appellant moved for reconsideration in writing, again asking for 120 days in which to present her testimony by deposition.

Before trial on December 6, 1990, appellee made a motion to dismiss which, as stated, Judge Webber granted subject to a ruling by Judge Huhn on the motion to reconsider. Judge Huhn denied that motion in a written order which stated in part:

> [N]o proof was given to demonstrate that [appellant] was currently ill. As an alternative basis for the request, the Court was told that the expense of travel to Washington, D.C. for trial was too burdensome for the [appellant]. [Appellant's] counsel, however, failed to address the fact that a deposition of [appellant] taken in the Virgin Islands could be more expensive than a round trip ticket for the [appellant] to attend the trial. Although [appellant's] counsel stated to the Court that he wished to take [appellant's] deposition if the continuance were granted, he never filed a motion requesting to be allowed to do so and never addressed the fact that discovery in this case had been closed since May, 1987.

## II.

■ Appellant contends that she had a right to present her trial testimony through a deposition under Super.Ct.Civ.R. 32(a)(3)(B) and (C).[2] We have no occasion to consider application of that rule to appellant's circumstances, however, because we deal here not with an interpretation of the rule but with the propriety of the trial court's denial of a

claim for which relief could be granted under District of Columbia law.

**2.** Rule 32(a)(3) provides in pertinent part:

The deposition of a witness, whether or not a party, may be used by any party for any purpose, if the Court finds ... (B) that the witness is at a greater distance than 25 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment....

The deposition is admissible against "any party who was present or represented at the taking of the deposition or who had reasonable notice thereof...." Rule 32(a).

continuance after a hearing held virtually on the eve of trial, and which in turn led to the dismissal of appellant's suit for failure to prosecute. The "settled rule" in this jurisdiction is that a motion for a continuance is "addressed to the sound discretion of the trial court and a ruling thereon will not be reversed on appeal absent a clear showing of an abuse of discretion." *Evening Star Newspaper Co. v. Covington*, 323 A.2d 718, 722 (D.C.1974). *Accord*, *Hairston v. Gennet*, 501 A.2d 1265, 1268 (D.C.1985); *Wahl v. Watkis*, 491 A.2d 477, 479 (D.C.1985); *Joyner v. Jonathan Woodner Co.*, 479 A.2d 308, 311–12 (D.C.1984); *Milton Properties, Inc. v. Newby*, 456 A.2d 349, 353 (D.C.1983); *Ceco Corp. v. Maloney*, 404 A.2d 935, 937 (D.C.1979); *Feaster v. Feaster*, 359 A.2d 272, 273 (D.C.1976); *Harris v. Akindulureni*, 342 A.2d 684, 686 (D.C.1975); *Varone v. Varone*, 296 A.2d 174, 178 (D.C.1972).

 To justify a continuance, the party requesting it must show "specific and sufficient reasons why the applicant cannot attend the trial as scheduled or cannot try the case on the date scheduled." Super.Ct.Civ.R. 40–I(e) (1990).[3] In support of her request for a continuance to secure and present her testimony by deposition rather than live testimony, appellant cited illness and financial difficulties, both of which the judge found unsupported by a "proper basis." On this record we have no reason to disturb that finding. The claim of disabling illness was confirmed only by a doctor's report prepared more than fourteen months earlier. No further support was furnished for the claims either of illness or of financial inability to appear in person. Although illness of a party or a party's attorney can be the basis for a grant of a continuance, *Feaster*, 359 A.2d at 273; *Milton*, 456 A.2d at 352–53, we do not find that the judge abused her discretion in denying the continuance in the face of appellant's unsupported claims.

Appellant argues that the judge's ruling rested upon the misconception that Rule 32 was not available to appellant. Judge Huhn, however, expressly denied that questions about whether appellant could avail herself of Rule 32 underlay the denial of the requested continuance. As the judge stated in denying reconsideration: "On December 4, 1990, this Court was assigned to hear and heard only requests for continuances. . . . This Court never ruled, nor was it asked to do so, on a motion to extend the discovery limits, to authorize the deposition of Plaintiff or to allow a previously taken deposition to be used at trial in lieu of Plaintiff's trial testimony." Thus, appellant is wrong in asserting that the judge "declin[ed] *to decide* whether the plaintiff should have a continuance to present her trial testimony by deposition" (emphasis added). The judge *denied* the continuance because appellant had given no adequate medical or financial reason for postponing a trial set for two days later in order to proceed by way of a deposition ("upon written questions") which she had yet to secure.[4] We observe that in every case appellant cites permitting a plaintiff to proceed under the federal counterpart to Rule 32, no continuance was necessary—and in almost every instance none was requested—as the depositions had already been taken and were ready for presentation at trial. *See Marshall v. Van Gerven*, 790 P.2d 62, 63 (Utah App.1990); *Bellamy v. Molitor*, 108 F.R.D.

---

3. The 1990 version of the Superior Court Rules was in effect at the time of Judge Huhn's rulings.

4. Since the deposition would require notice to and participation by appellee, Judge Huhn was correct in noting that the requested continuance came well after the formal close of discovery in May of 1987.

1, 1 (W.D.Ky.1983); *Stewart v. Meyers,* 353 F.2d 691, 696 (7th Cir.1965); *Houser v. Snap–On–Tools Corp.,* 202 F.Supp. 181, 182 (D.Md.1962); *Richmond v. Brooks,* 227 F.2d 490, 491 (2d Cir.1955). None of these cases addressed the adequacy of the basis proffered for a continuance.[5]

As Judge Huhn was aware, this case has been pending since November 17, 1986. *See Hairston,* 501 A.2d at 1268 (length of pendency of suit is a proper factor when ruling on motion for continuance). Moreover, as noted previously, note 4, *supra,* formal discovery had closed in May of 1987. *See Wahl,* 491 A.2d at 479 (adequate notice of and opportunity for discovery also factors relevant to whether to grant continuance). Thus, although appellant's decision to proceed by deposition may have been a recent one, the opportunity to give her deposition had arisen in the early stages of this litigation.[6] Furthermore, the continuance requested was for fully four months; even when the judge denied that request, appellant never (in her motion to reconsider) sought postponement for a shorter period in order to arrange her appearance if the deposition was no longer feasible. We therefore can

find no clear abuse of discretion in the trial court's denial of appellant's request for a continuance[7] unsupported by an adequate showing that appellant could not appear personally at trial.

*Affirmed.*

WAGNER, Associate Judge, dissenting:

Unquestionably, it is well settled in this jurisdiction that "[a] motion for continuance is . . . addressed to the sound discretion of the trial court, and its ruling will be reversed only for a clear abuse of discretion." *Harris v. Akindulureni,* 342 A.2d 684, 686 (D.C.1975); *accord, Hairston v. Gennet,* 501 A.2d 1265, 1268 (D.C.1985). However, there are some circumstances where denial of the request for continuance will be reversible error. *Feaster v. Feaster,* 359 A.2d 272, 273 (D.C.1976); *see Hairston,* 501 A.2d at 1268; *see also Harris,* 342 A.2d at 686. I disagree with the majority that this is not such a case.

The record reflects that after pursuing with diligence for more than four years her complaint of fraudulent inducement to marry and unjust enrichment against appellee,[1] one month before the scheduled

5. In one case, *Eferakeya v. Twin City State Bank,* 13 Kan.App.2d 197, 766 P.2d 837 (1988), *aff'd as modified,* 245 Kan. 154, 777 P.2d 759 (1989), a continuance was requested (and denied), but the motion was accompanied by a notice of intent to proceed through deposition and the party's already-obtained deposition in the event the continuance was denied.

6. We note that when *appellee* had sought to take appellant's deposition, appellant obtained a protective order on May 18, 1987, providing that appellee could take her deposition "(a) in the vicinity of her residence, (b) upon written interrogatories, or (c) if in Washington, D.C., only within three days of the date of trial or upon prepayment of the reasonable expenses in attending the deposition."

7. Although the request for a, continuance had been made by written motion little short of a month before trial, appellee predictably filed an opposition, and appellant could not reasonably anticipate that the motion would be heard until the eve of trial.

1. In the proceedings below, appellee originally was defaulted. Appellant traveled to the District to appear for her first trial date; however, on the day of trial, appellee made an oral motion to dismiss for failure to state a claim upon which relief can be granted. *See* Super.Ct.Civ.R. 12(b)(6). The trial court dismissed the case, and appellant appealed. *See Rymer v. Pool,* 574 A.2d 283 (D.C.1990). This court reversed and remanded, instructing the trial court to make a choice-of-law decision. *Id.* at 285. The trial court held a hearing on the issue on October 9, 1990 and directed the parties to submit legal memoran-

trial date, appellant, a resident of the U.S. Virgin Islands, filed a written motion for a continuance of 120 days because her poor health and limited resources prevented her attendance at trial. In the motion, counsel represented that appellant was a clerk in a hotel gift shop and that "[h]er financial means are severely limited." For these reasons, on the advice of counsel, appellant sought a continuance and an opportunity to present her trial testimony by deposition, pursuant to Super.Ct.Civ.R. 32(a)(3)[2] Two days before the scheduled trial date, appellant's counsel appeared in court on the motion for continuance, and at the court's request, provided a copy of a medical report indicating that appellant had a "chronic duodenal ulcer disease with a residue of inflammatory process in the antrium." Appellant had written counsel a letter, which he also presented to the court, stating "[i]t is over one year and I am still not better." Appellee's counsel was not present when the motion for continuance was argued, but his written opposition challenged appellant's reliance on Super.Ct.Civ.R. 32(a)(3) and the lack of exceptional circumstances to support appellant's request to present her trial testimony by deposition. The record reflects no challenge by appellee to the truthfulness of appellant's claims of illness and impecuniosity.

In determining whether the trial court abused its discretion in denying a continuance, a number of factors are pertinent, including the reasons for the request and the prejudice resulting from its denial. *Joyner v. Jonathan Woodner Co.,* 479 A.2d 308, 312 (D.C.1984). Also relevant are the movant's diligence in seeking relief and any lack of good faith. *Harris, supra,* 342 A.2d at 686. Appellant's uncontested representation that her illness and poverty prevented her attendance on the scheduled trial date, standing alone, is sufficient for a finding that the trial court abused its discretion in denying her first request for a continuance during four years of litigation. *See Feaster, supra,* 359 A.2d at 273. In addition, there are present in this case other factors weighing heavily in favor of granting the continuance and no persuasive reasons weighing against it: (1) a record demonstrating appellant's prior diligence in prosecuting her claim: (2) prior delays caused only by appellee; (3) severe prejudice to appellant who would be denied an opportunity for a trial on the merits (unless she could make arrangements in two days to fly in from the Virgin Islands in spite of her claims of illness and poverty); (4) a prompt request for relief;[3] and (5) the lack of any showing of specific prejudice to appellee resulting from a delay. *See Harris, supra,* 342 A.2d at 686–87 (trial court abused its discretion in de-

---

da by October 24, 1990. The court ruled on October 29, 1990 that the case would proceed to trial under the law of the Virgin Islands. On November 9, 1990, appellant filed her motion for continuance of the trial date scheduled for December 6, 1990.

**2.** There is some dispute about whether the procedure is available to appellant; however, I agree with the majority that we need not resolve it to rule upon the propriety of the trial court's denial of appellant's request for continuance. There is at least a legitimate dispute regarding the construction of Super.Ct.Civ.R. 32(a)(3) and whether appellant can avail herself of its provisions. *See Rich-*

*mond v. Brooks,* 227 F.2d 490, 492–93 (2d Cir.1955).

**3.** Although appellant did not strictly follow Super.Ct.Civ.R. 40–I(e) by making her motion for continuance in open court five days before trial, appellant's written motion seeking relief filed one month in advance of the trial date not only demonstrated her diligence, but apprised the court and the opposing side of her need for a continuance well before the time specified in the rule, thereby avoiding some of the prejudice which might result from a truly last minute request for continuance.

nying continuance of trial date where counsel moved promptly for relief and no evidence of lack of good faith or specific prejudice to appellee shown); *see also Hairston, supra,* 501 A.2d at 1268 (an important factor for review of a denial of continuance is relative prejudice to the parties). Additionally, the law favors an adjudication on the merits. *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966); *Milton Properties, Inc. v. Newby,* 456 A.2d 349, 353 (D.C.1983); *Walker v. Smith,* 499 A.2d 446, 448–49 (D.C.1985). Considering this principle, the factors favoring the grant of the continuance request, and the absence of factors weighing against it, in my view, the record shows that the continuance should have been granted and that the trial court clearly abused its discretion in denying it. Therefore, I respectfully dissent from the decision of the court holding otherwise.