*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-FM-92

FILED 9/15/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

MARTHA DUGUMA, APPELLANT,

v.

BALEHAGER AYALEW, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(DRB-38-14)

(Hon. Judith A. Smith, Trial Judge)

(Argued May 17, 2016                                    Decided July 13, 2016[*])

*Lisa Freiman Fishberg* for appellant.

*Alan B. Soschin* for appellee.

Before GLICKMAN and THOMPSON, *Associate Judges*, and REID, *Senior Judge*.

PER CURIAM: This is Martha Duguma's appeal from the trial court's order

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee's motion to publish.

awarding sole physical custody of her three minor children to their father, Balehager Ayalew. Appellant raises three issues on appeal. First, she argues that the trial court abused its discretion in refusing to grant her counsel's request for a continuance when she failed to appear on the day of the custody trial. Second, appellant argues that the court erred in failing to interview the children or appoint a guardian ad litem to determine the children's wishes as to their custody. Third, appellant argues that even aside from the absence of evidence as to the children's custodial preferences, there was insufficient evidence to grant custody to appellee.

For the reasons that follow, we hold that the trial court did not err in refusing to continue the trial; that a remand is required for the court to hear from the parties' children and consider their wishes respecting custody; and that the evidence was not otherwise insufficient to support the court's custody determination.

**I.**

Appellant and appellee were married in 1997 and have three children together: D., born February 26, 2000; A., born March 14, 2005; and Z., born on September 1, 2006. All three children are United States citizens, as are the parties.

In 2006, before Z. was born, appellant and the children moved back to her native country of Ethiopia. Thereafter, appellee, who remained in the United States to attend school and work, periodically visited them in Ethiopia for several weeks or months at a time. In addition, each year until 2013, the children traveled to the United States to stay with appellee at Christmas and over the summer.

The trial court credited appellee's testimony that in April of 2013, the parties agreed that the children should move to the United States to continue their education and live with appellee in the District of Columbia. On June 24, 2013, appellant brought the children here to stay with him. Appellant left the children with appellee when she returned to Ethiopia after several weeks. At the end of the summer, the children remained in the District and were enrolled in school here.

In the "Emergency Complaint for Child Custody Hearing" that appellant filed on January 7, 2014, she alleged that appellee "without the consent or agreement of [appellant] kidnapped and removed the minor children" from her home in Ethiopia and that he "has refused to return them to said home since June, 23, 2013 [sic]." The trial court denied appellant's request for emergency relief and scheduled an initial hearing on March 13, 2014.

At appellant's request (which was untimely), the court waived her presence at this initial hearing. Thereafter, appellant did not appear at the uncontested divorce trial and custody status hearing on April 28, 2014. Although she was in the United States, she informed the court through counsel that she had fallen ill just minutes before those proceedings were to commence. The court accepted this explanation, but not without admonishing appellant's attorney that her repeated "fail[ure] to show up means she's not participating and pursuing her case." Among other matters discussed during the custody status hearing, the court inquired whether the parties wished to have a guardian ad litem appointed to represent the children's interests. Both parties declined to so request.[1]

The custody trial was set for August 11, 2014. On that date, appellant again failed to appear. Her counsel had no explanation for her absence; he did not know where she was or even whether she was in the country. He asked for a continuance so that he could locate appellant and secure her presence for a later trial date. The trial court denied the request, however, on the grounds that good cause had not been shown and that a continuance would prejudice appellee because his

---

[1] The court gave the parties two weeks to decide, thereby affording appellant's counsel the opportunity to consult with his client.

guardianship of the children was subject to a number of limitations while the action remained pending.

The custody trial went forward. Appellee was the only witness. When the trial concluded, the court issued a temporary order granting appellee sole physical custody of the children with final decision-making authority. Several months later, on December 22, 2014, the court issued a final order awarding appellee sole physical custody and joint legal custody of the children with reasonable rights of visitation for appellant. At no time in the intervening months between the temporary and final orders did appellant seek to reopen the record in order to testify or submit other additional evidence, nor did she provide an explanation for her absence on the day of trial. Appellant did, however, note a timely appeal after the final custody order was issued.

## II.

Appellant first argues that the trial court erred in failing to grant her a continuance when she did not appear on the day of trial. This failure, she argues, led the court to conduct an "ex parte trial" and rely entirely upon appellee's evidence.

We hold that the trial court did not abuse its discretion in refusing to grant a continuance.[2]  Under Rule G (b) of the Superior Court rules governing family proceedings, an application for a continuance must be made in writing and set forth good cause for granting a continuance.[3]  The application must identify at least one date to which the parties agree the case may be continued, or else set forth the good faith efforts made by the movant to secure the other party's agreement and propose three dates on which the proceeding might be rescheduled.[4]  Although the trial court has discretion to grant a continuance not requested until the day of trial, this court is "especially hesitant to overturn the denial" of such last-minute requests.[5]

Appellant complied with neither the letter nor the spirit of Rule G.  She did not apply for a continuance in writing, and her unexplained absence did not

---

[2] *See Hammond v. Weekes*, 621 A.2d 838, 844 (D.C. 1993) ("Ordinarily, the decision to grant or deny a continuance rests in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.") (quoting *Thompson v. Thompson*, 559 A.2d 311, 313 (D.C. 1989)).

[3] Super. Ct. Gen. Fam. R. G (b).

[4] *Id*.

[5] *See Esteves v. Esteves*, 680 A.2d 398, 405 (D.C. 1996) (quoting *Taylor v. Wash. Hosp. Ctr.*, 407 A.2d 585, 594 (D.C. 1979)).

establish good cause to grant her counsel's oral request.[6] She apparently made no effort to obtain appellee's consent, nor did she offer the court any dates on which proceedings might recommence. Indeed, given her absenteeism throughout custody proceedings that she initiated, the court reasonably could have doubted whether appellant would appear on any date to which the trial might have been continued. Although she apparently attended court-ordered mediation, appellant had never appeared before the court, and she never provided an explanation for her absence at the custody trial, either that day or during the more than four months after the court issued its temporary custody order and before that order became final.[7] Moreover, the facts belie her complaint that the trial court conducted an "ex parte" hearing. Not only did her attorney actively participate in the trial, including by extensively cross- and re-cross-examining appellee, but appellant also had four months before the trial court issued its final order in which she could have sought to supplement the record with additional evidence. On these facts, then, we cannot

---

[6] *See Lyons v. Jordan*, 524 A.2d 1199, 1203 (D.C. 1987) (holding that the trial court did not abuse its discretion in granting a day-of-trial request for a continuance when the defendants failed to appear and their counsel had no explanation for their absence); *see also Rymer v. Pool*, 799 A.2d 371, 373 (D.C. 1992) (affirming the trial court's refusal to grant a continuance when a party was absent due to an alleged but factually unsupported illness).

[7] Apart from her appellate counsel's unsupported assertion at oral argument that appellant was in Ethiopia, there is nothing in the record purporting to explain where she was on the day of trial or why she did not appear.

say that the court abused its discretion in refusing to grant appellant's day-of-trial request for a continuance.

Appellant also argues that the trial court erred in granting custody to appellee without first hearing from the children, either directly or through a guardian ad litem. During the pre-trial hearings, appellant asked the court to interview the children regarding their preferred custodial arrangement. The court expressed an interest in hearing from the children, particularly D., who was fourteen years old in 2014, but ultimately deferred making its decision whether to do so until after it heard the evidence at trial. Ultimately, the court did not interview the children or otherwise hear from them. Although appellant did not renew her request at that time, she argues that her own absence at the trial made it "incumbent upon the court" to ascertain the children's views. Appellant argues in the alternative that even though she had earlier declined to have a guardian ad litem appointed, the court should have appointed a GAL *sua sponte* once it realized appellant would not be present for the trial.

We agree with appellant that the court should have interviewed the children.[8] When determining a child's best interest in a custody proceeding, the court is required by statute to consider "all relevant factors," specifically including "the wishes of the child as to his or her custodian, where practicable."[9] In this case, however, the court received no evidence relating to the children's wishes. Neither party called the children to testify, the court ultimately did not interview them, and appellee testified that he did not have any information as to their wishes with respect to custody. While the court could find that the children were "thriving under [appellee's] care" and doing well in school, these findings and the evidence underlying them did not speak to the issue of the children's custodial desires. Yet the children, who were fourteen, nine, and seven years of age at the time of trial, were old enough to be capable of expressing an opinion as to whether they should reside primarily with their mother in Ethiopia or their father in the District of

---

[8] We perceive no merit to the alternative argument that the court was required to appoint a guardian ad litem *sua sponte* merely because appellant failed to appear for trial.

[9] D.C. Code § 16-914 (a)(3)(A) (2012 Repl.).

Columbia.[10] So far as appears from the record, it was "practicable" for the court to consider their wishes by interviewing them.

Appellee argues that "[i]t is not the Court's function to affirmatively seek evidence related to the custody factors," but cases in which the trial court is tasked with discerning what is in children's best interests "implicate[] the judge's responsibility, as *parens patriae*, to act on behalf of the child"—a role that in some situations involves "more active judicial participation in the development of the facts."[11] This case presented such a situation. Although the decision as to whether to interview children *in camera* in custody disputes or determine their views in

---

[10] *See P.F. v. N.C.*, 953 A.2d 1107, 1117 (D.C. 2008) (remanding a custody case in part because the court had ignored the custodial preferences of children aged ten and seven); *In re A.R.*, 679 A.2d 470, 479 n.14 (D.C. 1996) ("Children as young as four years old have had their preferences followed with their desires called an 'important factor.'") (quoting 2 Jeff Atkinson, *Modern Child Custody Practice* § 4.44, at 295–96 (1986)); *In re I.B.*, 631 A.2d 1225, 1232 (D.C. 1993) (recognizing that children twelve and eight years old "were certainly old enough" to express an opinion regarding what was in their best interest).

[11] *In re D.M.*, 771 A.2d 360, 369 (D.C. 2001); *see also In re A.R.*, 679 A.2d at 476 ("We recognize, however, that a child custody case is not a run-of-the-mill dispute in which only the parties' interests are implicated. . . . Accordingly, the court acts as *parens patriae* on the child's behalf, and 'should do her (or his) best to obtain all of the information needed to effect a judicious disposition.'") (quoting *In re L.W.*, 613 A.2d 350, 352 n.6 (D.C. 1992)).

some other way rests with the sound discretion of the trial court,[12] given the age of the children here, the dearth of other evidence as to their wishes, and the requirements of the statute, we remand for the court to conduct a further inquiry into their custodial preferences.

Appellant's final claim challenges the sufficiency of the evidence and the trial court's findings even apart from the absence of evidence as to the children's wishes. "We review a trial court's legal determinations *de novo* but apply a clearly erroneous standard to its findings of fact."[13]

Appellant argues that many of the court's findings and conclusions regarding the statutory factors bearing on the determination of custody were incomplete or incorrect because the court lacked evidence appellant could have provided and instead credited appellee's testimony.[14] We reject this argument, as it

---

[12] *See In re A.R.*, 679 A.2d at 476.

[13] *Jordan v. Jordan*, 14 A.3d 1136, 1146 (D.C. 2011) (citing D.C. Code § 17-305 (a) (2001)).

[14] For example, appellant claims that the court was "unable to ascertain her wishes as to custody," that her "absence was interpreted by the trial court as evidence that she does not act in the children's interests," that there was minimal evidence "regarding the parents' ability to reach shared decisions," and that the trial court improperly credited appellee's testimony that "he was the more involved parent."

stems *in toto* from appellant's own default in failing without justification to appear or submit evidence when she could have done so. Appellant also asserts, though, that the court erred in treating this as a simple custody case rather than as a relocation case. She argues that the court should have construed appellee's counterclaim for custody to include a request to relocate the children from Ethiopia to the District of Columbia. Under *Estopina v. O'Brian*,[15] relocation cases implicate a series of additional factors that the trial court must consider before granting a parent's request to move the children—factors that the court did not consider explicitly in this case.

We conclude, however, that the trial court was not required to apply the *Estopina* factors because this was not a relocation case. The children lived and attended school in the District when the complaint was filed. This alone distinguishes *Estopina* and like cases, in which the litigation preceded the proposed or contemplated relocation.[16] Moreover, appellant failed to present any evidence that the children's presence in the United States was not attributable to the parties'

---

[15] 68 A.3d 790 (D.C. 2013).

[16] *See id*. at 791.

prior agreement concerning their schooling, as appellee testified. We therefore hold that the court did not err by not treating this as a relocation case.

For the foregoing reasons, we remand for further proceedings to ascertain the wishes of the children respecting their custody and such additional findings and conclusions of law as may thereupon be appropriate and in accord with this opinion.

*So ordered.*